## Case No. 16,000.

### UNITED STATES v. PARSONS.

[2 Blatchf. 104.] [1]

Circuit Court, S. D. New York. April, 1849.

POSTAL LAWS — EMBEZZLEMENT OF LETTER — DELIVERY BY MAIL CARRIER—CONSTITUTIONAL LAW.

1. The 22d section of the post-office act of March 3, 1825 (4 Stat. 108), which makes it an offence for any person to open any letter which shall have been in a post-office, or in the custody of a mail-carrier, before it shall be delivered to the person to whom it is directed, with a design to obstruct the correspondence, and for any person to secrete, embezzle or destroy any such letter, does not look beyond a possession of letters obtained wrongfully from the post-office or from a mail-carrier.

2. After the voluntary termination of the custody of a letter by the post-office or its agents, the rights of the real proprietor of the letter are under the guardianship of the local law, and not of that of the United States.

3. Where a letter, mailed at Boston and directed to a person at New York, reached the post-office there, and was taken by a letter-carrier for delivery: *Held* that, under section 41 of the act of July 2, 1836 (5 Stat. 89), such letter-carrier was a mail-carrier within section 22 of the said act of March 3, 1825.

4. But, the letter-carrier having given the letter to a person in the defendant's house, the defendant not being present, and not participating in the delivery, and that person having subsequently and at a different place delivered it to the defendant, and the defendant having opened it and embezzled money from it, it not being intended for him, but for another person of the same name, the letter, however, not having come into the possession of the defendant within view of the letter-carrier, or with his knowledge, or while he remained at the place where he left it: *Held*, that the defendant was not liable to indictment under section 22 of the said act of March 3, 1825.

[Distinguished in U. S. v. M'Cready, 11 Fed. 227. Cited in Re Burkhardt, 33 Fed. 28.]

5. All action and authority of the post-office department, in respect to the letter, terminated with its delivery to the third person, and section 22 of the act applies only while the letter is within the power and control of that department.

[Cited in U. S. v. Driscoll, Case No. 14,994; U. S. v. M'Cready, 11 Fed. 227; Re Burkhardt, 33 Fed. 28; U. S. v. Safford, 66 Fed. 944.]

6. Whether congress has power to pass laws governing the conduct of persons in respect to letters which have been mailed, after such letters have become strictly disconnected from the post-office department, quære.

The defendant [Charles H. Parsons] was indicted under section 22 of the post-office act of March 3d, 1825 (4 Stat. 108), which provides that any person who shall open any letter or packet which shall have been in a post-office, or in custody of a mail-carrier, before it shall have been delivered to the person to whom it is directed, with a design to obstruct the correspondence, or to pry into another's business or secrets, or shall

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

secrete, embezzle or destroy any such mail, letter or packet, shall, on conviction, be fined not exceeding five hundred dollars, and be imprisoned not exceeding twelve months. At the trial, a special verdict was found by the jury, that a letter was put into the post-office at Boston, directed to Charles H. Parsons, at the city of New York, and containing another letter addressed to Ann M. Parsons; that in the letter were inclosed thirty-three dollars in bank bills; that the mailed letter reached the post-office in New York, was taken by a letter-carrier for delivery, and was given by him to a person in the house of the defendant, the defendant not being present, and not participating in the delivery; that that person subsequently, and at a different place, delivered it to the defendant; that the defendant opened both letters, and embezzled the money enclosed; that the letter addressed to Charles H. Parsons was not intended for the defendant, but for another person bearing the same name; and that the letters did not come into the possession of the defendant within view of the letter-carrier, or with his knowledge, or while he remained at the place where he left them.

Lorenzo B. Shepard, U. S. Dist. Atty.
Alanson Nash, for defendant.

[Before NELSON, Circuit Justice, and BETTS, District Judge.]

BETTS, District Judge. The facts found by the special verdict are within the letter of the statute. The letters had been in a post-office, and were opened, and their contents embezzled by the defendant, before they had been delivered to the persons to whom they were directed. The special verdict, however, raises the question, whether the intent and proper construction of the 22d section of the post-office act of March 3, 1825, embraces the case.

The 41st section of the act of July 2, 1836 (5 Stat. 89), gives to persons entrusted with the delivery of letters the character of mail-carriers, within the meaning of the 22d section of the act of 1825. Therefore, the letters in question in the present case, while in charge of such letter carrier, are to be regarded as in the post-office, or in the custody of a mail-carrier. What, then, is the true import and force of the phrase, "shall have been in a post-office or in custody of a mail-carrier," and of the phrase, "before it shall have been delivered to the person to whom it is directed"? Are they of unlimited extent, covering every condition of a letter, until it reaches its rightful destination? To give the language this construction, would he to continue letters which had been once in the mail still under the power and control of the federal government, in every change and transfer from person to person and place to place, and without limitation of time. Legislation of such scope

and extent would clearly not be in furtherance of the functions and duties of the post-office department, but in protection of the private property of individuals, after it had become detached from that department, and was wholly out of the charge of its agents. Such legislation would thus necessarily take the quality and form of a municipal regulation, governing the relations and responsibilities of individuals to each other, in respect to letters and their contents which had been in the post-office, although not obtained from the post-office or any of its agents, or in the possession of a party through any act of fraud or deceit against the post-office laws. And congress would thus in effect be invested with the power to compel every person into whose possession a letter which had been in the post-office should come, to take upon himself the responsibility of carrying and delivering it to the person to whom it should be directed.

We think that the object of this 22d section does not look beyond a possession of letters obtained wrongfully from the post-office or from a letter-carrier. Its design is to guard the post-office and its legitimate agents in the execution of their duties, in the safe-keeping and delivery of letters. After the voluntary termination of the custody of a letter by the post-office or its agents, the property in and right of possession to it belong wholly to its real proprietor, and his rights are under the guardianship of the local law, and not of that of the United States.

The delivery of the letter in the present case by the letter-carrier was to a person at the house, as was supposed by both, of the person to whom it was directed. The defendant was not then at the house, and in no way participated in the delivery. The person who received the letter supposed that it belonged to the defendant, and afterwards carried it and delivered it to him at a different place, as being rightfully his. All action and authority of the post-office department, in respect to the letter, terminated with its delivery to that third person; and, in our opinion, it was not intended that the act of congress in question should apply any longer than while the letter should be within the power and control of that department. From that time the law of the state takes authority over it, as the property of one of its citizens.

A question was raised on the argument, as to the power of congress to legislate on the subject indefinitely, and to pass laws governing the conduct of persons in respect to letters which have been mailed, after such letters have become entirely disconnected from the post-office department. But the construction we have given to the act, limiting its operation to letters yet remaining under the authority of the department, renders it unnecessary to consider this question. Judgment for defendant.