## UNITED STATES *v.* WISE.[*]

## UNITED STATES *v.* THORNBURG.

*(Circuit Court, S. D. Ohio.   May 26, 1881.)*

1. NAVIGATION LAWS — REV. ST. § 4472 — CARRYING PETROLEUM ON PASSENGER VESSELS — PRACTICABLE MODE OF TRANSPORTATION.

In an action to recover penalties for the violation of section 4472, Rev. St., which prohibits the carrying of petroleum and other dangerous articles upon passenger vessels, but excepts petroleum of a certain fire test, upon routes where there is no other *practicable* mode of transportation:

*Held,* that although there was an all-rail route over which the petroleum might have been transported, yet, if the rates charged for transportation by rail were so high as to amount to a prohibition of the traffic in that article, it was not a practicable mode of transportation within the meaning of that section.

[*]Reported by Messrs. Florien Giauque and J. C. Harper, of the Cincinnati bar.

2. SAME—SAME—"PRACTICABLE MODE OF TRANSPORTATION."
     The word "*practicable*," in that section, is used in a commercial or
     business, and not in a mechanical, sense.

On Error to the District Court.*

*Channing Richards*, U. S. Dist. Att'y, for plaintiff.

*Moulton, Johnson & Levy* and *W. H. Jones*, *contra*.

MATTHEWS, D. J.    These suits were brought by the United States to recover statutory penalties for carrying refined petroleum as freight on passenger vessels, in violation of section 4472, Rev. St.,—in one case from Cincinnati to Memphis, and in the other from Marietta to Cincinnati. It is alleged in each case that there was another practicable mode of transportation, which, being denied, constitutes the sole issue.

The testimony before the district court, as disclosed by the bills of exception, was to the effect that there was an all-rail route over which the petroleum could have been carried in each case, but that the rate of charge was so high that in one case (Marietta to Cincinnati) it would consume the profit on the sale, and in the other case (Cincinnati to Memphis) it would destroy the trade between those points. The district judge was requested by the plaintiff to charge the jury that if they found from the evidence there was an all-rail route between the places in question that would constitute a practicable mode of transportation, within the meaning of section 4472, without regard to cost or distance. This charge was refused, and exception taken. The jury was then charged, in one case, that if the rate of freight charged by the railroad company would consume the profit upon the sale at the point of destination, it would not be a practicable mode of transportation between those places; and, in the other case, that it would not be practicable if the rate was so high as to destroy the trade between those places. To these charges exceptions were also taken by the plaintiff. The judgment of the district court was in favor of the defendant in each case, and writs of error are prosecuted from this court

*Opinion of Judge Swing in the district court. *U. S.* v. *Thornburg*, etc., 6 FED. REP. 41.

to reverse these judgments for the errors assigned in the charge of the district judge. The question turns upon the construction of the statute—the meaning of the word "practicable," as used in section 4472, Rev. St. In one sense it was practicable to send the oil by rail in each case,—that is, in a mechanical sense; but it is my opinion that the word must be accepted in a commercial sense. The statute in question is a regulation of commerce, and whether a mode of transportation between any two points is practicable, must be decided with reference to the commerce between those points. If the rates charged for transportation by rail would amount to a prohibition of the traffic, it would not be a practicable mode of transportation within the meaning of this statute. This word "practicable" has been recently construed in the case of *Wilson* v. *Church*, 13 Ch. D. British Law Rep. 1, where certain bondholders, having made a loan for the purpose of constructing a railroad in Brazil, sought to have the fund returned to them on the ground that the scheme had become abortive. The relief prayed was refused by the court below, where it was held that as there were no insuperable engineering difficulties the scheme could not be pronounced impracticable; but it was held by the court of appeals that as the fund in the hands of the trustees was insufficient to complete the railway, and the company had no means of raising further funds, it had become, in a business sense, impracticable to carry the scheme into effect, and the complainants were entitled to have the fund returned to them. It must be held in these cases that passenger vessels are prohibited from carrying petroleum when it is practicable, in a business sense, to employ another mode of transportation; but if the effect of the prohibition would be to destroy such traffic it may be carried upon passenger vessels, subject to the cautionary provisions of the statute.

The judgment of the district court in each case is affirmed.