## UNITED STATES *v.* INABNET.

### (*District Court, D. South Carolina.* January 16, 1890.)

**1. POST-OFFICE—LARCENY FROM THE MAILS—"MAIL."**
    The term "mail," as used in Rev. St. U. S. § 5469, relative to robbing the mails, may mean either the whole body of matter transported by the postal agents, or any letter or package forming a component part of it.

**2. SAME—INTENT.**
    To constitute the crime of stealing the mail, under this statute, there must be an intent to steal at the time the mail matter is taken.

Indictment for Robbing the Mails, under Rev. St. U. S. § 5469

*R. W. Memminger, Jr.*, for the defendant.

*Dist. Atty. Lathrop*, for the United States.

SIMONTON, J., (*charging jury.*) The defendant is indicted under section 5469 of the Revised Statutes. The indictment contains four counts: One for stealing the mail of the United States; another for stealing from the mail of the United States; a third is for taking the mail of the United States, and certain letters and packets therefrom, and did open, embezzle, and destroy such mail, letters, etc., the same containing articles of value; the fourth count is for stealing out of the mail a letter, described minutely, containing an obligation or other security of the United States of the value of $10. The things alleged to have been stolen in this case are two registered packages containing money, greenbacks, or national bank bills. These packages were in the mail carried on the railroad cars, and the mail matter of which they were part passed through Branchville on the South Carolina Railway. At Branchville, the packages, with the rest of the mail, were put in a truck, and were being transported across the platform to another train. On their passage across the platform they disappeared. This was some time after dark on the 2d of December last. Two days afterwards the defendant was arrested. There were found on his person $25 in bills, and —————— dollars in change, small bills, and silver. He explained that he had found the packages on the platform, after all the trains had left, on the night of 2d December, and did not know what they were. He put them in his pocket, and went away some 50 yards. Opening them, he found the money in them, which he put in his pocket, and, tearing up the letters, threw them over a fence. He lent some of the money to a friend, and spent some. The rest he gave up. The witnesses for the government do not prove any fact explaining how the packages left the truck. The porter who had charge of it says that, discovering the loss very soon after it must have occurred, he searched the platform carefully, and could find no package.

The term "mail" may mean, either the whole body of matter transported by the postal agents, or any letter or package forming a component part of it. You must examine the evidence in this case, and inquire, how did the defendant get possession of the packages? Did he find them, as he states, on the platform, after the trains had left; or was the search of the porter so minute in its nature as to make this impossible?

If you come to the conclusion that he found the packages after the trains had left, then inquire what he did with them. Did he retain them until an owner could be found? Did he appropriate then to his own use? Did he tear the packages to ascertain their contents? Were these contents, as charged by the government, money of the United States? Were the contents appropriated by him to his own use? If the defendant took the packages from the truck, or just as they fell from the truck, and carried them off, he is guilty under the first and second counts. If he found the packages on the platform after the trains left, the bare fact that he took them up does not show that he stole them. If, when he saw them on the platform, and, upon seeing them, conceived the intention to take them, and appropriate them, he would be guilty of stealing them. If he took them up, not intending to appropriate them, and afterwards con-

ceived this intent, and took them off, I do not think that this was stealing them, in the sense of the statute. If he tore the packages open, and appropriated the contents to his own use, he is guilty on the third and fourth counts.

You must come to your conclusions beyond a reasonable doubt.