## THE BENTON.

### UNITED STATES v. ROEHRIG et al.

*(District Court, E. D. Missouri, E. D. June 16, 1892.)*

(No. 3,491.)

1. **SHIPPING—PUBLIC REGULATIONS—PASSENGER BOATS CARRYING OIL.**
   Rev. St. § 4472, forbidding the conveying of petroleum and other inflammable articles on passenger steamers, provides that "refined petroleum, which will not ignite at a temperature less than 110 deg. of Fahrenheit thermometer, may be carried on board such steamers upon routes where there is no other practicable mode of transporting it." *Held*, that petroleum of the required test could not be carried on a passenger steamer to a point of transshipment, when it was practicable to transport such petroleum by rail for about the same rate, although there was no rail route from the point of transshipment to the point of consignment.

2. **SAME—"PRACTICABLE" TRANSPORTATION.**
   The word "practicable," as used in the statute, means commercially practicable, as distinguished from physically or mechanically practicable. *U. S. v. Thornburg,* 6 Fed. Rep. 41, and *U. S. v. Wise,* 7 Fed. Rep. 190, followed.

In Admiralty. Libel of Information against Robert Roehrig and Mrs. J. R. Ern, owners of the steamer Benton, for transporting coal oil and gasoline on a passenger steamboat contrary to the provisions of Rev. St. § 4472. Judgment for the United States.

The said section provides that "no loose hay, loose cotton, or loose hemp, camphene, nitroglycerine, naphtha, benzine, benzole, coal oil, crude or refined petroleum, or other like explosive burning fluids, or like dangerous articles, shall be carried as freight or used as stores on any steamer carrying passengers. * * * Refined petroleum, which will not ignite at a temperature less than 110 deg. of Fahrenheit thermometer, may be carried on board such steamer upon routes where there

is no other practicable mode of transporting it, under such regulations as shall be prescribed by the board of supervising inspectors, with the approval of the secretary of the treasury," etc. It was admitted that the gasoline was carried contrary to the statute, and as to the coal oil the facts were agreed substantially as follows: The Benton was engaged in navigating the Mississippi and Missouri rivers, and the steamboat Annie Dell was engaged in navigating the Osage river. There was a contract between them whereby the Annie Dell received directly from the Benton freight which was to be carried up the Osage. On June 24 and on August 10, 1891, the Benton received, at St. Louis, certain barrels of refined petroleum, which, as declared in the statement of facts, " would not ignite at less than 100 [it should be 110] deg. Fahrenheit." One of these shipments was put on the wharf at Bonnett's Mills, and the other at Osage City, both in the state of Missouri, and from there were taken on board by the Annie Dell, and carried to points on the Osage river. There were railroad lines from St. Louis to Bonnett's Mills and to Osage City, but not to the points on the Osage river to which the goods were consigned. The difference between the steamboat and rail rates between the first mentioned points was insignificant.

*Geo. D. Reynolds*, U. S. Atty.

*Eleneious Smith*, for defendants.

THAYER, District Judge. Under the agreed statement it does not appear that the steamer had the right, under any circumstances, to carry the coal oil in question, as the statement of facts recites that the coal oil carried would not ignite "at less than 100 deg. Fahrenheit." The inference is that it would ignite above that temperature. It will be observed that coal oil cannot be carried, under any circumstances, on a passenger steamer, unless it will bear a test of 110 deg. Fahrenheit. Rev. St. § 4472. I presume, however, that the stipulation was intended to read "110 deg.," and will accordingly decide the case on that assumption. The word "practicable," as used in the statute, (section 4472,) has been held to mean "commercially practicable," as distinguished from "physically or mechanically practicable," and that seems to be a very reasonable, if not a necessary, interpretation of the statute. *U. S. v. Wise* and *U. S. v. Thornburg*, 6 Fed. Rep. 41, and 7 Fed. Rep. 190. It appears from the agreed statement that there was a practicable mode of transporting the coal oil in question from St. Louis to Osage City and Bonnett's Mills otherwise than by steamer. It might have been carried by rail between those points for about the same price charged by the steamer. On the other hand, it appears that there was no practicable mode of transporting it from Osage City and Bonnett's Mills to the points further up the Osage river to which it was destined than by steamer. Does this latter fact render the transportation of the commodity from St. Louis to Osage City and Bonnett's Mills by a passenger steamer lawful? The court decides this question in the negative. It was not commercially impracticable, as the agreed statement shows, to

ship the oil to its ultimate destination partly by rail and partly by water. It had to be unloaded, in any event, at Osage City and Bonnett's Mills, and to be thence forwarded to its destination by another steamer, as the steamers that ply on the Missouri river cannot ordinarily ascend the Osage; and the total cost of transportation over the whole route, if carried from St. Louis to the latter place by rail, would not, as it seems, have been materially greater than if carried for the whole distance by water. If it be conceded that inflammable commodities, like coal oil, can be lawfully carried on passenger steamers merely because the ultimate point of destination is a short distance off the line of a railroad, then it would frequently happen that such commodities would be carried for long distances by water, thereby enhancing the dangers of travel and defeating the beneficent purposes of the act. The court is accordingly of the opinion that when, as in the present case, it is commercially practicable to transport such a commodity as coal oil by rail for a considerable portion of the distance to be covered, and thence by water to its ultimate destination, that method of transportation is the only one that can be lawfully employed, even though it is possible to transport it for the entire distance by water, and not possible to transport it the entire distance by rail. Entertaining these views, judgment will be entered for the government on the second count, and also on the first count, of the information.