## UNITED STATES, Appellant, *v*. JOHN W. SMITH, Respondent.

1. INDICTMENT.—INSUFFICIENCY.—POSTAL LAWS.—Respondent was indicted under Rev. Stat. U. S. § 5469 (§ 22, act of the 5th of March, 1825, 4 Stat. at Large, 109), which provides: "Any person who shall take the mail or any letter or packet therefrom, or from any postoffice, branch postoffice, or other authorized depository for mail matter, with or without the consent of the person having the custody thereof, and open, embezzle, or destroy any such mail, letter, or package which shall contain any note, bond, draft, etc., * * * shall, although not employed in the postal service, be punishable by imprisonment, etc." The indictment charged that the defendant, "on the 6th day of March * * * did take from the United States postoffice at Salt Lake City * * * a certain letter intended for James W. Smith, addressed J. W. Smith, * * * which had come into said postoffice in the regular course of mail, * * * and did open and wilfully, unlawfully, fraudulently, and feloniously embezzle and convert to his own use said letter and the certain draft contained in said letter." *Held*, that the indictment is fatally defective in not charging a felonious taking, and that the lower court did not err in sustaining a general demurrer thereto.

2. ID.—ID.—LANGUAGE OF STATUTE.—An indictment which simply follows the language of the statute is insufficient if the indictment may be proved and the defendant still be innocent.

(No. 588. Decided June 17, 1895. 40 P. R. 708.)

APPEAL from the District Court of the Third Judicial District. Hon. George W. Bartch, *Judge*.

John W. Smith was indicted for taking mail from the postoffice. From a judgment sustaining a demurrer to the indictment, United States appeals. *Affirmed*.

*Mr. John W. Judd,* U. S. Attorney, for appellant.

The offense is charged in the indictment in the exact language of the statute, and it sets out all the particulars of the offense and certainly does state an offense under the statute. The indictment charges that the defendant took from the United States postoffice at Salt Lake City, a certain letter intended and addressed to a person other than himself; that he opened and wilfully embezzled by converting to his own use the letter and a certain draft contained in the letter. If that does not charge an offense under the statute, then I should like to have some well informed pleader tell me how to frame an indictment under that statute that would be good. The court will observe that the offense here is in taking a letter from the postoffice with or without the consent of the postoffice. It may be insisted that the taking must be felonious, wrongful, unlawful, and so I admit, but the subsequent embezzlement is the evidence that the taking was felonious, wrongful and unlawful. It is not necessary to charge that the taking was felonious. *U. S.* v. *Falkenhainer,* 21 Fed. 624; *In re Burkhardt,* 33 Fed. 25. In the case of *U. S.* v. *Pearce,* 2 McLean, 14, the court in discussing the question that the taking must be a wrongful taking, says: "The design of the taking is shown by the embezzlement or destruction of the letter." While I readily admit that this taking must be a wrongful taking, or a felonious taking, yet the evidence that the taking was wrongful, is the subsequent embezzlement of the letter or its contents, or both.

*James A. Williams,* for respondent.

KING, J.:

The only question presented by this appeal is as to the

sufficiency of the indictment. Section 5469, Rev. St. U. S., being section 22, Act March 3, 1825 (4 St.atL109), provides that "any person who shall take the mail, or any letter or packet therefrom, or from any postoffice, or other authorized depository for mail matter, with or without the consent of the person having the custody thereof, and open, embezzle, or destroy any such mail, letter or package, which shall contain any note, draft, check," etc., " *   *   * shall be punishable," etc. Under this section an indictment was found against the defendant, which charged that he " *   *   * did take from the United States postoffice at Salt Lake City a certain letter, intended for one James W. Smith, addressed, ' J. W. Smith, Salt Lake City, Utah,' which had come into said postoffice in the regular course of mail,   *   *   * and did open, and wilfully, unlawfully, fraudulently, and feloniously embezzle, and, convert to his own use, said letter, and a certain draft contained in said letter." Respondent demurred to the indictment, alleging that it failed to state facts sufficient to constitute a public offense, and the demurrer was sustained. The point of controversy between counsel for the respective parties relates to the omission of the indictment to charge that the taking of the letter from the postoffice was wrongful and felonious. Counsel for the government admits in his brief that, to constitute the offense, " the taking must be felonious, wrongful, and unlawful," but contends that " the subsequent embezzlement is the evidence that the taking was felonious, was wrongful, was unlawful; it is not necessary to charge that the taking was done feloniously or wrongfully or unlawfully, because the indictment charges that he took it from the postoffice, and opened and embezzled the letter and its contents; it charges an unlawful taking." It is impossible to understand how counsel reconciles the views expressed, that the taking must be unlawful and

felonious, but that the indictment is sufficient without charging that it was unlawful and felonious. The words characterizing the embezzlement as unlawful, fraudulent, and felonious, cannot, by any rules of grammatical construction or any canon of interpretation, relate back to the word " take," in the indictment, and impress it with the criminal character implied by the words " unlawful " and " felonious." When it is admitted that, in order to constitute the offense, the taking must be of a wrongful and unlawful character, then such words must be incorporated in the indictment, characterizing the word " take," as clearly import a felonious, unlawful, and wrongful taking.

We think there can be no question as to the meaning of the statute referred to. To constitute an offense under it, there must be an unlawful and felonious taking of the letter from the postoffice, and a wrongful and felonious opening, or an embezzling fraudulently and feloniously, or an unlawful and wrongful destruction thereof. To allege a wrongful, unlawful, and felonious embezzlement, without alleging an unlawful and felonious taking, fails to charge an offense. There can be no crime or public offense unless a union or joint operation of act and intent or criminal negligence exists. 2 Comp. Laws, § 4383; *State* v. *Smith,* 11 Or. 207, 8 Pac. 343. It is elementary that an indictment must be so drawn as to exclude any assumption that the indictment may be proved, and the defendant still be innocent. In this case the taking may have been innocent. If so, no offense was committed under this section upon which the indictment was based. If it was a felonious and unlawful taking, then the indictment must so charge. It is not sufficient, as counsel contends, to simply follow the language of the statute. An indictment alleging that A. did then and there murder B., or that C. did assault E. with intent to commit murder, would

state no offense, although the words of the statute are employed. But it is unnecessary to elaborate the question, for the reason that this section has been passed upon repeatedly by the federal courts. In *re Burkhardt*, 33 Fed. 27, speaking of this section, the court says: "The expression, 'take the mail, or any letter or packet therefrom,' * * * means a wrongful and unlawful taking. If the accused had authority to take, and with such authority did take, Brideman's mail from the post office, and, having thus obtained the letter in question, subsequently opened it, and embezzled its contents, such embezzlement was not an offense against the United States, though it would be against the state. To constitute the offense made punishable by the clause in section 5469 referred to, the taking of the mail or of a letter from the post office must be with criminal intent, not a taking by the authority of the person to whom the letter is addressed, although there is a subsequent embezzlement, nor a taking by mistake, or with an innocent intent." See *U. S.* v. *Mabnet*, 41 Fed. 130; *U. S.* v. *Driscoll*, 1 Low. 303, Fed. Cas. No. 14,994; *U. S.* v. *Marselis*, 2 Blatchf. note p. 112, Fed. Cas. No. 15,724; *U. S.* v. *Pearce*, 2 McLean, 14, Fed. Cas. No. 16,020; *U. S.* v. *Parsons*, 2 Blatchf. 104, Fed. Cas. No. 16,000; *U. S.* v. *Sander*, 6 McLean, 601, Fed. Cas. No. 16,218. From these authorities it is clear that the felonious intent at the time the letter is taken from the postoffice is an indispensable ingredient of the offense. That being true, the indictment must allege the taking to have been felonious, or it is defective. The judgment of the lower court is affirmed.

MERRITT, C. J., and SMITH, J., concur.