UNITED STATES v. MEYERS.

(District Court, E. D. Wisconsin. January 8, 1906.)

POST OFFICE—FRAUDULENTLY OBTAINING MAIL MATTER—SUFFICIENCY OF INDICTMENT.

To constitute an offense under Rev. St. § 5469 [U. S. Comp. St. 1901, p. 3692], which makes punishable as a crime the stealing, taking, or obtaining by fraud of any letter or other mail matter containing anything of value from any post office or other depository of mail, and the embezzlement of the same or its contents, the taking must be either fraudulent or unlawful, and must be so charged in the indictment. An indictment which leaves it open to inference that the letter charged to have been taken may have been delivered to and received by defendant, though a mutual mistake, is insufficient to charge an offense thereunder.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Post Office, §§ 75-77.]

On Demurrer to Indictment.

H. K. Butterfield, U. S. Atty.

Norman L. Baker, for defendant.

QUARLES, District Judge. This is a demurrer to an indictment under section 5469, Rev. St. [U. S. Comp. St. 1901, p. 3692]. This indictment in substance charges that on the 24th day of December, 1904, there was in the post office of the United States, then and there as mail matter and in the custody of a postal employé in said post office, a certain letter which then lately before had been sent by the mails of the United States and received as mail matter in said post office at Kenosha, Wis., for and to be delivered to one Charles Meyers, at Kenosha, Wis., in the district aforesaid, and which last-mentioned letter then and there contained a certain bill of exchange for $300 (describing the same) and payable to the order of Charles Meyers, and that the said defendant on the day aforesaid in said district did take from the said mail, and from the said postal clerk then and there having custody thereof, the said letter while so in the mails at said post office, and did then and there knowingly, unlawfully, and feloniously embezzle the said letter, etc. It will be observed that this indictment charges no unlawful taking, and no fraud or stratagem by means of which the possession of the letter was secured. The indictment follows the language of the statute, and it is claimed that this is sufficient.

The question presented by the demurrer is whether Congress intended by this enactment to create as a distinct offense the misappropriation of a letter which has come to the hands of a defendant innocently and without fraud on his part. Judging from the identity of the names of the defendant and the addressee, as the same appear in the indictment, the presumption may be indulged that the letter was on that account delivered to the wrong person and accepted by him under mutual mistake. Under such circumstances, was it within the meaning and scope of the act to charge the defendant with feloniously embezzling such letter? Section 5469 is a conspicuous example of a statute which does not completely define the crime it creates. Under the language of this section as it stands, a man might be indicted for taking with the consent of the postal officials a letter addressed to himself and containing any of the enumerated articles of value which actually belonged to him. This amounts to a reductio ad absurdum, and presents a case within the reasoning of the court in U. S. v. Carll, 105 U. S. 611, 26 L. Ed. 1135; Jones v. U. S. (C. C.) 27 Fed. 447, 449.

A careful analysis of the second clause of section 5469, giving full effect to the conjunction "and" where it occurs in said second clause, will disclose the fact that Congress had in mind three essential elements of this offense: First. A "taking" of mail matter from a postal official with or without the consent of the proper custodian. Second. The opening, embezzlement, or destruction of such letter. Third. That the matter so misappropriated contained certain papers or documents therein described. It is equally apparent that the taking must be unlawful in a case where no fraud is practiced. Re Burkhardt (D. C.) 33 Fed. 25, 26; U. S. v. Parsons, 2 Blatchf. 104, Fed. Cas. No. 16,000;

U. S. v. Inabnet (D. C.) 41 Fed. 130; U. S. v. Smith, 11 Utah, 433, 40 Pac. 708. This indictment is therefore fatally defective in failing to allege an unlawful taking. It is clear that this section was not intended to reach a case where by mistake a delivery is made to the wrong person who innocently obtains possession of the letter and afterwards wrongfully appropriates its contents. Such wrongful misappropriation occurs after the government has surrendered its custody, and is an offense cognizable by the state laws.

There is another federal statute (section 3892, Rev. St. [U. S. Comp. St. 1901, p. 2657]) which seems to proceed upon the theory that the legal custody of the government continues until the mail matter reaches the addressee for whom it was intended, and that any destruction or embezzlement of such a letter, which by mistake has left the hands of the postal authorities, and has not yet reached the addressee, may be punished as a federal crime. U. S. v. McCready (C. C.) 11 Fed. 225. Whether an indictment would lie against this defendant under that section the court will not now inquire, because the present indictment is not framed thereunder.

For these reasons, the demurrer to the indictment must be sustained.