## AZUMA KUBO v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
February 11, 1929.

No. 5515.

Ray T. Coughlin, of Sacramento, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and George M. Naus, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under section 194 of the Criminal Code (18 USCA § 317). So far as deemed material to our present inquiry, that section declares that whoever shall steal, take, or abstract, or by fraud or deception obtain, from or out of any mail, post office, or station thereof, or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag or mail, or whoever shall buy, receive, or conceal, or aid in buying, receiving, or concealing, or shall unlawfully have in his possession, any letter, postal card, package, bag or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as therein provided, shall be guilty of an offense. The indictment in this case charged that the plaintiff in error did knowingly, unlawfully, and feloniously buy, receive, and conceal a package which had been in the United States mail, in the custody of a mail messenger, which said package had been taken from the mail before it had been delivered to the person to whom it was directed. The sufficiency of the indictment is the only question presented for our consideration.

It will be observed from the foregoing statement that the indictment simply charged, in the language of the statute, that the package was taken from the mail, not that the taking was felonious, wrongful, or unlawful. As a general rule, no doubt, it is sufficient to charge a statutory crime in the words of the statute; but this is only true where the words in themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. United States v. Carll, 105 U. S. 611, 26 L. Ed. 1135.

Section 194 of the Criminal Code is a

conspicuous example of an exception to the general rule, in so far as the use of the word "take," or "taken," is concerned; for, if the statute is construed literally, a person who takes a letter from the mail by mistake, or in an honest belief that he had a right to take and receive it, is guilty of an offense. In charging an offense under the first provision of the above section, it is not sufficient, therefore, to follow the language of the statute, but the taking must be charged to be felonious, wrongful, or unlawful. In re Burkhardt (D. C.) 33 F. 25; United States v. Meyers (D. C.) 142 F. 907; United States v. Smith, 11 Utah, 433, 40 P. 708. ▉ Under the other provision of the statute with which we are here concerned, a person is not guilty of the offense of buying, receiving, or concealing a letter or other package taken from the mail, unless the original taking was felonious, unlawful, or wrongful, because the language of that provision is, "so taken," thus referring back to the first part of the section. It would necessarily seem to follow from this that an indictment charging the offense of buying, receiving, or concealing a package taken from the mail must charge that the original taking was felonious, unlawful, or wrongful. Thus, in United States v. Smith, supra, the court said:

"The point of controversy between counsel for the respective parties relates to the omission of the indictment to charge that the taking of the letter from the post office was wrongful and felonious. Counsel for the government admits in his brief that, to constitute the offense, 'the taking must be felonious, wrongful, and unlawful,' but contends that 'the subsequent embezzlement is the evidence that the taking was felonious, was wrongful, was unlawful; it is not necessary to charge that the taking was done feloniously or wrongfully, * * * because the indictment charges that he took it from the post office, and opened and embezzled the letter and its contents; it charges an unlawful taking.' It is impossible to understand how counsel reconciles the views expressed, that the taking must be unlawful and felonious, but that the indictment is sufficient without charging that it was unlawful and felonious. The words characterizing the embezzlement as unlawful, fraudulent, and felonious cannot, by any rules of grammatical construction or any canon of interpretation, relate back to the word 'take,' in the indictment, and impress it with the criminal character implied by the words 'unlawful' and 'felonious.' When it is admitted that, in order to constitute the offense, the taking must be of a wrongful and unlawful character, then such words must be incorporated in the indictment, characterizing the word 'take,' as clearly import a felonious, unlawful, and wrongful taking. We think there can be no question as to the meaning of the statute referred to. To constitute an offense under it, there must be an unlawful and felonious taking of the letter from the post office, and a wrongful and felonious opening, or an embezzling fraudulently and feloniously, or an unlawful and wrongful destruction thereof. To allege a wrongful, unlawful, and felonious embezzlement, without alleging an unlawful and felonious taking, fails to charge an offense."

So here the charge that the plaintiff in error did knowingly, unlawfully, and feloniously buy, receive, and conceal the package in no wise described or characterized the original taking, which must also have been felonious, wrongful, or unlawful.

The judgment of the court below is therefore reversed, with instructions to quash the indictment.