## CRANK v. UNITED STATES.
### No. 6664.

Circuit Court of Appeals, Ninth Circuit.
Oct. 3, 1932.

Simpson & Simpson and Ames Peterson, all of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Clyde Thomas, Asst. U. S. Atty., both of Los Angeles, Cal.

Before WILBUR and SAWTELLE, Circuit Judges.

SAWTELLE, Circuit Judge.

Lewis A. Crank, appellant, together with Esther Crank, his wife, and one Frank Cornero were indicted for violating the provisions of section 593(b) of the Tariff Act of 1922, 42 Stat. 982 (19 USCA § 497) reading as follows: "If any person fraudulently or knowingly imports or brings into the United States, or assists in so doing, any merchandise, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the

transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law, such merchandise shall be forfeited and the offender shall be fined * * * or be imprisoned. * * * "

The indictment contains six counts. Counts 1, 2, and 3 charge that the defendants did knowingly, willfully, and unlawfully import and bring into the United States certain intoxicating liquor. Counts 4, 5, and 6 charge that the defendants did knowingly, willfully, and unlawfully receive, conceal, buy, sell, and facilitate the transportation, concealment, and sale of certain intoxicating liquor, which merchandise had been theretofore unlawfully imported and brought into the United States contrary to law.

The defendant Cornero seasonably interposed a demurrer to the indictment, contending, among other things, that it did not state facts sufficient to constitute a public offense under the laws of the United States. The demurrer was overruled. At the time the demurrer was presented, the appellant and his wife were not represented by counsel, and it is claimed by the government that they did not demur to the indictment.

The record shows that, before the trial began, counsel for these two defendants stated that he was not present at the time Cornero's demurrer was presented, and he would like the record to show that his clients demurred to the indictment on the same ground set forth in the demurrer filed by Cornero, and that the same exception be noted to the ruling of the court. It is not altogether clear whether the court acquiesced in this request. The memorandum opinion of the trial judge recites: "The accused presents a motion in arrest of judgment claiming that the indictment does not charge an offense in that it fails to charge knowledge on the part of defendant that the goods were imported contrary to law. The same point was urged in a motion to quash the indictment before the trial and by demurrer, the ruling on both cases being against the contention of the accused," and we think we must assume that it correctly states the facts.

The defendants Cornero and Esther Crank were acquitted on all charges, and appellant was convicted on the fourth count of the indictment and acquitted on all other counts. A motion in arrest of judgment was filed by appellant, upon the ground that the said fourth count of the indictment does not state facts sufficient to constitute an offense under the laws of the United States, and upon other grounds not necessary to be here set forth. The fourth count, upon which appellant was convicted, is as follows: "That Frank Cornero, Lewis A. Crank, alias Howard Lowe, and Esther Crank, alias Madeline Strallo, alias Esther Cornero, hereinafter called the defendants, whose full and true names are and the full and true name of each of whom is, other than as herein stated, to the grand jurors unknown, each late of the Southern Division (which in part is now designated as the Central Division) of the Southern District of California, heretofore, to-wit: on or about the 20th day of November, A. D. 1927, at Sunset Beach, County of Orange, in the state and district aforesaid and in the Southern Division of said district, and within the jurisdiction of the United States and of this Honorable Court, and in Customs Collection District No. 27 (Los Angeles, California) did knowingly, wilfully and unlawfully receive, conceal, buy, sell and facilitate the transportation, concealment and sale of certain merchandise, to-wit: one hundred cases of intoxicating liquor, which said merchandise had been theretofore unlawfully imported and brought into the United States contrary to law, in that, being then and there spirits and liquors containing alcohol in excess of one-half of one per cent by volume, the same had been theretofore imported and brought into the United States without a permit having theretofore been issued by the Commissioner of Internal Revenue of the United States and in that the same had not been nor then was entered at the custom house of the United States, either at Los Angeles, in said judicial and collection districts, or at any other custom house in said judicial and collection district or any other collection district of the United States, nor were the duties and taxes due thereon to the United States upon such importation and bringing in, then or at any time paid or secured to the United States."

Appellant claims that that count does not meet the requirements of the above-quoted section of the Tariff Act, and that, while it alleges that the defendant did knowingly receive, conceal, buy, sell, and facilitate the transportation, concealment, or sale of the merchandise after importation, it fails to allege that appellant knew the same to have been imported or brought into the United States contrary to law.

We quote from the memorandum opinion filed by the District Judge in ruling on the motion in arrest of judgment:

"* * * It is plain that there is no direct averment that the defendant knew the liquor had been unlawfully imported. The question is whether this element is sufficiently stated by the expression 'knowingly, wilfully and unlawfully received liquor that had been theretofore unlawfully imported.'

"Obviously the question is not at all free from doubt, as I am well aware there is authority to support the contention of the accused, and at first glance the language seems to lack the particular element of knowledge of the unlawful importation on the part of the accused. I believe, however, that the language in its common import, and ordinary meaning charges that the defendant received the goods knowing that they had been unlawfully imported. It is clearly stated that he knowingly, willfully, and unlawfully received intoxicating liquor that had theretofore been unlawfully imported. The adverb 'knowingly' applies to, modifies, and qualifies all that follows."

Manifestly, if the fourth count did not state facts sufficient to constitute a public offense under the laws of the United States, the motion in arrest of judgment should have been granted, notwithstanding the fact, if it be a fact, as contended by the government, that no demurrer was filed by appellant prior to the beginning of the trial.

In order to secure a conviction under count 4 of the indictment, it was necessary that there should be proof (1) that the accused had knowingly received, concealed, bought, sold, or in some manner facilitated the transportation, concealment, or sale of such merchandise; (2) that it had been unlawfully imported; (3) that appellant knew that it had been unlawfully imported.

As was said by the Supreme Court in the case of United States v. Cook, 17 Wall. (84 U. S.) 168, 174, 21 L. Ed. 538: "Every ingredient of which the offence is composed must be accurately and clearly alleged." And, see, Wishart v. United States (C. C. A.) 29 F.(2d) 103, 106.

Knowledge on the part of the defendant that the goods had been unlawfully imported was one of the substantial elements of the crime; and it cannot be that the failure to allege such knowledge on his part is a mere matter of form.

The question then is whether the use of the word "knowingly" at the beginning of count 4 was a sufficient charge that defendant knew that the merchandise had been theretofore unlawfully brought or imported into the United States. It seems to us that count 4 of the indictment charges merely that appellant knowingly received the goods "which had been unlawfully imported contrary to law," and does not charge that he received and concealed the same "knowing that they had been imported unlawfully"; in other words, that the adverb "knowingly" relates to, modifies, and qualifies the allegation that appellant did receive, conceal, buy, sell, and facilitate the transportation, concealment, and sale of certain merchandise, to wit, 100 cases of intoxicating liquor, and does not relate to the further allegation or recital "which said merchandise had been theretofore unlawfully imported and brought into the United States contrary to law," etc. That being so, there is no allegation that appellant did receive, conceal, buy, sell, etc., the said merchandise after importation "knowing that it had been unlawfully imported or brought into the United States contrary to law."

The crime denounced by the statute is not merely that of receiving and concealing merchandise which had been theretofore unlawfully imported, but receiving and concealing the same knowing that it had been unlawfully imported.

The indictment, in our opinion, is fatally defective in failing to charge one of the essential elements of the offense.

In the case of United States v. Sauer (D. C.) 73 F. 671–676, the court said: "Does it appear from Sauer's bond that he is accused of an offense against the laws of the United States? Manifestly not. Guilty knowledge is the gist and essence of the offense attempted to be described in the bond. Section 3082 of the Revised Statutes [similar to the above quoted statute] does not make the mere receipt or concealment of smuggled goods an offense. There must be, on the part of the person receiving or concealing the goods after their importation, knowledge of their illegal importation. Cases falling under this section of the statutes have been repeatedly before this court, and the ruling has been uniform that the jury was not authorized to convict unless the possession or concealment of the goods was accompanied with knowledge on the part of the possessor that they had been smuggled or imported contrary to law."

The government contends that the allegation of knowledge is sufficient, and cites our opinion in Vane v. United States (C. C. A.) 254 F. 28. That was a conspiracy case, and is not authority here.

Where, as here, the indictment fails to

charge one of the essential elements of the crime, section 556 of title 18, USCA, is not applicable; and this is true, notwithstanding that no demurrer was interposed before trial.

Reversed.