**UNITED STATES v. BOYCE MOTOR LINES, Inc.**

No. 10368.

United States Court of Appeals
Third Circuit.

Submitted March 6, 1951.

Decided May 3, 1951.

890

Grover C. Richman, Jr., U. S. Atty., Newark, N. J., Charles J. Tyne, Asst. U. S. Atty., Newark, N. J., (Alfred E. Modarelli, U. S. Atty., Newark, N. J., on the brief), for appellant.

Joseph C. Glavin, Jersey City, N. J. (A. Harry Moore, Jersey City, N. J., of counsel), for appellee.

Russell E. Watson, New Brunswick, N. J. (Leander I. Shelley, Daniel B. Goldberg and Shickrey Anton, all of New York City, of counsel), amicus curiae.

Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the United States from so much of an order of the District Court for the District of New Jersey as dismissed counts 1, 3 and 5 of an indictment against the defendant, Boyce Motor Lines, Inc. The three counts charged the defendant with three separate violations of the provisions of § 197.1(b) of a regulation of the Interstate Commerce Commission governing the transportation of explosives and other dangerous articles by motor vehicle. 49 CFR (1949 Ed.) § 197.1(b). This regulation was promulgated by the Interstate Commerce Commission[1] pursuant to the authority conferred upon it by 18 U.S.C. § 835, which section also makes the knowing violation of the regulation a criminal offense. Holding that § 197.1(b) of the regulation is so vague and indefinite as not to set forth an ascertainable standard of guilt the district court concluded that the section was invalid and accordingly dismissed the counts of the indictment which charged the violation of it. D.C., 90 F.Supp. 996.

§ 197.1(b) with which we are here concerned provides: "(b) *Avoidance of congested places.* Drivers of motor vehicles transporting any explosive, inflammable liquid, inflammable compressed gas, or poisonous gas shall avoid, so far as practicable, and, where feasible, by prearrangement of routes, driving into or through congested thoroughfares, places where crowds are assembled, street car tracks, tunnels, viaducts, and dangerous crossings."

The pertinent provisions of 18 U.S.C. § 835 are as follows:

"The Interstate Commerce Commission shall formulate regulations for the safe transportation within the limits of the jurisdiction of the United States of explosives and other dangerous articles, including flammable liquids, flammable solids, oxidizing materials, corrosive liquids, compressed gases, and poisonous substances, which shall be binding upon all common carriers engaged in interstate or foreign commerce which transport explosives or other dangerous articles by land, and upon all shippers making shipments of explosives or other dangerous articles via any common carrier engaged in interstate or foreign commerce by land or water.

\*　\*　\*　\*　\*　\*

"Whoever knowingly violates any such regulation shall be fined not more than $1,000 or imprisoned not more than one year, or both; and, if the death or bodily injury of any person results from such violation, shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

The district court held the regulation invalid because it concluded that the violation of it is malum prohibitum in which intent is not a factor and, that being so, the use of the phrases "so far as practicable" [90 F.Supp. 998.] and "where feasible" are so vague and indefinite as to make conjectural the standard of guilt which is sought to be set up by the regulation. We do not agree.

When the regulation is read with 18 U.S.C. § 835, the statute under which it

1. Filed May 14, 1943, effective June 15, 1943, 8 F.R. 6481, amended 9 F.R. 541.

was promulgated and which makes its violation a criminal offense, it becomes clear that the offense is not merely malum prohibitum but that a specific wrongful intent, i. e., actual knowledge of the existence of a duty under the regulation and a wrongful intent to evade it, is of the essence of the offense. This the United States concedes. The vice which the district court saw in the regulation was that it placed the defendant on trial for an offense of which it had no adequate warning. The court relied in this connection upon the rule laid down in United States v. L. Cohen Grocery Co., 1921, 255 U.S. 81, 41 S.Ct. 298, 65 L.Ed. 516, and Connally v. General Const. Co., 1926, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322. In another series of cases,[2] however, the Supreme Court has pointed out that where the punishment imposed is "only for an act knowingly done with the purpose of doing that which the statute prohibits, the accused cannot be said to suffer from lack of warning or knowledge that the act which he does is a violation of law. The requirement that the act must be willful or purposeful may not render certain, for all purposes, a statutory definition of the crime which is in some respects uncertain. But it does relieve the statute of the objection that it punishes without warning an offense of which the accused was unaware." Screws v. United States, 1945, 325 U.S. 91, 102, 65 S.Ct. 1031, 1036, 189 L.Ed. 1495. We think that this rule is applicable here.

The regulation makes it the duty of drivers of motor vehicles transporting the explosives or other dangerous articles referred to, "so far as practicable, and, where feasible," by prearranging their routes to avoid driving into or through "congested thoroughfares, places where crowds are assembled, street car tracks, tunnels, viaducts, and dangerous crossings." To one who knows of his duty under the regulation the imposition of a duty to arrange to use that route which avoids congested thoroughfares, places where crowds are assembled, street car tracks, tunnels, viaducts, and dangerous crossings, so far as practicable and where feasible, is not to put him to a choice so uncertain as to violate the Constitution.

It is true, of course, that individuals may differ as to what is practicable and as to what is feasible and that marginal cases may arise in which a defendant's view as to the practicability and feasibility of an alternative route may differ from the view of the jury which tries him. But as Justice Holmes said in Nash v. United States, 1913, 229 U.S. 373, 377, 33 S.Ct. 780, 781, 57 L.Ed. 1232: "the law is full of instances where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree. If his judgment is wrong, not only may he incur a fine or a short imprisonment, as here; he may incur the penalty of death."

Moreover, we regard the standard here as reasonably certain. For we think that "so far as practicable" means so far as commercially practicable from the standpoint of those engaged in the trucking business,[3] and "where feasible" undoubtedly means where physically feasible from the standpoint of the operation of the motor vehicle involved.

The conclusion which we have reached finds full support in Sproles v. Binford, 1932, 286 U.S. 374, 52 S.Ct. 581, 76 L.Ed. 1167, in which case the Supreme Court upheld a Texas statute, also dealing with safety regulations for motor vehicle transportation, which set up a standard of practicability somewhat analogous to that involved in the present regulation. In discussing in that case the contention that this provision was so uncertain as to afford no standard of conduct which it was possible to know, Chief Justice Hughes said, 286 U.S. at page 393, 52 S.Ct. at page 587;

2. Omaechevarria v. Idaho, 1918, 246 U.S. 343, 348, 38 S.Ct. 323, 62 L.Ed. 763; Hygrade Provision Co. v. Sherman, 1925, 266 U.S. 497, 45 S.Ct. 141, 69 L.Ed. 402; United States v. Ragen, 1942, 314 U.S. 513, 62 S.Ct. 374, 86 L.Ed. 383;

Screws v. United States, 1945, 325 U.S. 91, 102, 65 S.Ct. 1031, 89 L.Ed. 1495.

3. See United States v. Wise, C.C.S.D. Ohio 1881, 7 F. 190; The Benton, D.C. E.D.Mo.1892, 51 F. 302.

" 'Shortest practicable route' is not an expression too vague to be understood. The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding. Waters-Pierce Oil Co. v. Texas (No. 1), 212 U.S. 86, 109, 29 S.Ct. 220, 53 L.Ed. 417; Nash v. United States, 229 U.S. 373, 377, 33 S.Ct. 780, 57 L.Ed. 1232; Miller v. Strahl, 239 U.S. 426, 434, 36 S.Ct. 147, 60 L.Ed. 364; Omaechevarria v. Idaho, 246 U.S., 343, 348, 38 S.Ct. 323, 62 L.Ed. 763; Hygrade Provision Co. v. Sherman, 266 U.S. 497, 502, 45 S.Ct. 141, 69 L.Ed. 402; Bandini Co. v. Superior Court, 284 U.S. 8, 18, 52 S.Ct. 103, 76 L.Ed. 136. The use of common experience as a glossary is necessary to meet the practical demands of legislation." .

The defendant urges that the use of the terms " congested thoroughfares," "places where crowds are assembled" and "dangerous crossings" are also so indefinite as to invalidate the regulation. We do not think so. It must be remembered that these phrases are not to be considered or applied in vacuo. They only come into play in connection with the consideration by those responsible for the operation of a motor vehicle of the alternative routes which are open to them. Under these circumstances an individual will ordinarily have little difficulty in determining which of two or more practicable and feasible routes involves the fewest congested throughfares, places where crowds are assembled, street car tracks, tunnels, viaducts and dangerous crossings. In most cases the choice will not be close. But if it is, the defendant must take the risk that his judgment will not coincide with that of a jury with respect to what is basically a factual determination.

■ Finally the defendant asserts that the counts in question are vague, indefinite and ambiguous and do not fully inform it as to the nature and extent of the crime with which it is charged because in addition to charging a violation of § 197.1(b) of the regulation they also allege that the motor vehicle in question did not bear any marks or signs on its sides and rear indicating that it was transporting a dangerous and inflammable liquid. The district court held that the counts are so ambiguous as to be dismissible on that ground.[4] It is true that this particular allegation does not involve a violation of § 197.1(b)[5] but we think that its inclusion in the counts is mere surplusage which does not create any ambiguity or prejudice the defendant. It may, therefore, be disregarded.[6]

So much of the order of the district court as dismissed counts 1, 3 and 5 will be reversed and the cause will be remanded with directions to reinstate those counts of the indictment.

---

4. This was a ground of decision independent of the construction of the statute and regulation. It accordingly supports the jurisdiction of this court on this appeal under 18 U.S.C. § 3731. U. S. v. Wayne Pump Co., 1942, 317 U.S. 200, 63 S.Ct. 191, 87 L.Ed. 184.

5. The allegations apparently involve a violation of § 823(a) of 49 CFR, 1947 Supp., p. 7025.

6. Ford v. United States, 1927, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793; Bowdry v. United States, 8 Cir., 1928, 26 F.2d 791, 793; McKinney v. United States, 9 Cir., 1949, 172 F.2d 781, 782.