UNITED STATES of America,
Plaintiff,

v.

T. W. DEER, Defendant.

No. C–8313.

United States District Court
E. D. Washington, N. D.

May 17, 1955.

William B. Bantz, U. S. Atty., Spokane, Wash., for plaintiff.

Harvey Erickson, Spokane, Wash., for defendant.

DRIVER, District Judge.

The charge against the defendant in this case is stated in the indictment as follows:

"That on or about the 4th day of November, 1954 T. W. Deer did ship a trunk on an interstate common carrier and did pack within said trunk a loaded 22 caliber rifle; that said trunk was handled in the regular course of business by said common carrier and while handling said trunk at Spokane, in the Northern Division of the Eastern District of Washington, one Jack Wilbur Hubbard, an employee of the common carrier, suffered severe bodily injury as a result of a bullet being discharged from the loaded 22 rifle packed or shipped in the trunk by T. W. Deer, the shipping on an interstate common carrier of a loaded 22 rifle being contrary to and in violation of Title 18 U.S.C.A. Sec. 835 and CFR Title 49, Secs. 73.58(a)(b)(c) and 73.101."

The defendant moves to dismiss the indictment on the ground that it does not state an offense against the United States for the reason that it fails to allege that the defendant acted "knowingly."

The statute on which the indictment is based, Title 18 U.S.C. § 835, provides that the Interstate Commerce Commission shall formulate regulations for the safe transportation of explosives and other dangerous articles, and that "whoever knowingly violates any such regulations" shall be punished as therein provided.

In United States v. Boyce Motor Lines, 3 Cir., 188 F.2d 889, 891, the trial court held a regulation formulated by the Interstate Commerce Commission under the same statute to be invalid for the reason that it was so vague and indefinite as to make uncertain the standard of guilt sought to be set up by the regulation. The court took the position that the violation of the regulation was malum prohibitum and that intent and guilty knowledge were not essential elements of the offense. The court of appeals, however, did not agree but on the contrary held that, in view of the language of the statute under which the regulation was promulgated, its violation was not merely malum prohibitum, and that, "a specific wrongful intent, i. e., actual knowledge of the existence of a duty under the regulation and a wrongful intent to evade it, is of the essence of the offense." The decision was affirmed by the United States Supreme Court in Boyce Motor Lines v. United States, 342 U.S. 337, 72 S.Ct. 329, 331, 96 L.Ed. 367. That court also held that, wrongful intent and knowledge are essential elements of the offense. Referring to Section 835 of Title 18 U.S.C., the Court said, "The statute punishes only those who knowingly violate the Regulation. This requirement of the presence of culpable intent as a necessary element of the offense does much to destroy any force in the argument that application of the Regulation would be so unfair that it must be held invalid."

An indictment must allege all of the essential elements of the crime charged.[1] And where, as in the instant case, a statute, by its express terms, makes guilty knowledge an essential element of the offense, a failure to allege in the indictment that the acts claimed to constitute the offense were done by the offender knowingly, renders the indictment fatally defective.[2]

The criminal rules have simplified Federal procedure and have sanctioned and emphasized a long-standing Federal Court policy of regarding substance rather than form in passing upon the sufficiency of indictments and informations. Rule 7(c), 18 U.S.C., requires only that the essential facts constituting the offense charged shall be set forth in a plain, concise and definite written statement. The criminal rules, however, have not dispensed with the requirement stated above that, the indictment must either directly or by implication allege all of the essential elements of the offense. United States v. Valenti, supra.

In the present case it is not specifically stated that the defendant "knowingly" violated the Interstate Commerce Commission regulation, nor may such guilty knowledge on his part be fairly inferred from any of the allegations of the indictment, or from consideration of the indictment as a whole. It must be concluded, therefore, that the indictment is defective, and the motion to dismiss is granted.

1. Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861; Azuma Kubo v. United States, 9 Cir., 31 F.2d 88; United States v. Amorosa, 3 Cir., 167 F.2d 596, 598.

2. United States v. Valenti, D.C., 74 F. Supp. 718; Crank v. United States, 9 Cir., 61 F.2d 620; and, United States v. Max, 3 Cir., 156 F.2d 13. And, see also, Barnes v. United States, 8 Cir., 197 F.2d 271.