**UNITED STATES of America**

v.

**Darryl WHITING, et al.**

**Crim. No. 90–10313–S.**

United States District Court,
D. Massachusetts.

Sept. 4, 1991.

Paul V. Kelly, Thomas C. Frongillo and Robert W. Iuliano, Asst. U.S. Attys., Boston, Mass., for U.S.

Gary C. Crossen, Foley, Hoag & Eliot, Boston, Mass., for Darryl Whiting.

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

SKINNER, District Judge.

Count 1B of this indictment alleges that the defendant Whiting "while engaging in the continuing criminal enterprise described in Part A of this count, did knowingly and intentionally counsel, command, induce, procure and cause the intentional killing of Calvin Reese by ROBERT LITTLES...." in violation of 21 U.S.C. § 848(e)(1)(A).

The defendant has moved to dismiss this count of the indictment on the ground that the statute is unconstitutional because it purports to create a crime which is beyond the power of Congress. The statute provides as follows:

(A) any person engaging in or working in furtherance of a continuing criminal enterprise .... who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results, shall be sentenced to any term of imprisonment, which shall not be less than twenty years, and which may be up to life imprisonment, or shall be sentenced to death; ....

The argument is that the operative words "engaging in or working in furtherance of," cast in the disjunctive, create two crimes, one of intentional killing while engaging in a continuing criminal enterprise (CCE), and the other of intentional killing in furtherance of the CCE. The defendant concedes that making the killing in furtherance of the CCE a crime is within the power of Congress because the CCE impinges on interstate and international trade and commerce over which the Congress has undoubted control.

A killing may be accomplished by a person "engaging in ... a [CCE]," however, which has nothing to do with the CCE. The statute is open to the interpretation that all that the government need prove is temporal coincidence. The killing might result from a bar brawl, domestic discord, or an unrelated robbery, even though the defendant was coincidentally engaging in a CCE at the same time. Such a killing, being unrelated to commerce or any of the other areas committed to Congress by the Constitution, would be beyond the power of Congress to criminalize. Therefore, according to the defendant, the part of the statute which makes "any person engaging in ... a [CCE]" subject to a criminal penalty is unconstitutional, and Count 1B of the indictment must be dismissed.

■ While I agree with the defendant's ultimate conclusion, I do not accept this argument. In considering the constitutionality of a statute containing ambiguous language, the court must discover the intent of Congress by reference to the legislative history. *United States v. Ferryman*, 897 F.2d 584, 590–1 (1st Cir.1990). In this case the placement of this language in a part of Title 21 which deals exclusively with drug traffic, and the statements made by various senators and representatives in support of this enactment, make it clear beyond peradventure that Congress intended to deal only with intentional killings that were directly related to the drug traffic, and in particular the CCE. 1988 Congressional Record, pp. 24921, 24923, 24924, 32638, 32649, 33269, 33274, 33290. Accordingly, I rule that the statute is constitutional.

■ It follows from the foregoing, however, that a direct connection between the intentional killing and the CCE is a necessary element of the crime created by § 848(e)(1)(A). No such direct connection is explicitly alleged in the indictment. The government apparently concedes that it would be required to offer evidence of such a connection and claims that it is prepared to do so. Certainly the charge to the jury would have to include a statement that such a connection must be proved beyond a reasonable doubt. It is axiomatic, however, that an indictment must clearly state every element of the crime charged and may not be amended or amplified by either the evidence adduced at trial or the judge's instructions to the jury. *Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4

L.Ed.2d 252 (1960); *United States v. Ford,* 872 F.2d 1231 (6th Cir.1989).

This case is precisely described in the language used by the Supreme Court in *United States v. Carll,* 105 U.S. 611–12, 26 L.Ed. 1135 (1881).

> In an indictment upon a statute, it is not sufficient to set forth the offense in the words of the statute, unless those words of themselves fully, directly, and expressly without any uncertainty or ambiguity set forth all the elements necessary to constitute the offence intended to be punished; and the fact that the statute in question, read in the light of the common law, and of other statues on the like matter, enables the court to infer the intent of the legislature, *does not dispense with the necessity of alleging in the indictment all the facts necessary to bring the case within that intent.* (Emphasis supplied.)

This ancient case has been cited with approval by the Court as recently as 1974, *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974), and by our court of appeals in *Colella v. United States,* 360 F.2d 792 (1st Cir. 1966). In the latter case, the court held that "wilful" was a term of art that clearly imported criminal intent, so that the indictment contained all the necessary elements of the crime. "Engaging in" is not a term of art as far as I can determine, and its ambiguity must be explicitly resolved by clear language in the indictment, either by incorporation of the "in furtherance" language of the statute or by language of similar import.

The case of *United States v. Cooper,* 754 F.Supp. 617, 626 (N.D.Ill.1990), relied upon by the government, does not address this issue. In that case the "in furtherance" language was incorporated into the indictment, and the only question was whether the statute was broad enough to support the conviction of a person who was not engaged in a CCE but was acting "in furtherance" of it. "[I]n furtherance," being the operative words of the statute, may stand alone. The court did not address the import of "engaging in."

A statute of the Virgin Islands, 14 V.I.C. § 2253(a), makes it a crime to possess an unlicensed firearm "during the commission or attempted commission of a crime of violence." This statute, to a lesser degree than the one in question, is susceptible to the interpretation that all the government need prove is coincidence in time. Convictions under indictments employing only the statutory language have been upheld, but it would appear that the question of ambiguity was never addressed by either counsel or the court. *Government of the Virgin Islands v. Bedford,* 671 F2d 758 (3rd Cir.1982); *Government of the Virgin Islands v. Commissiong,* 706 F.Supp 1172 (D.Virgin Islands 1989). The judge in the *Bedford* case charged the jury that they must find beyond a reasonable doubt that the defendant possessed a firearm "in the commission of a crime of violence." 671 F2d at 763. I do not consider these cases as authority opposed to the conclusion I have reached above because the issue was never raised; but if they do constitute such authority, in my opinion they fail to recognize a fundamental rule of criminal pleading, and I would decline to follow them.

Accordingly the defendant Whiting's motion to. dismiss Count 1B of the indictment is allowed.