Ranking SMITH, Appellant

v.

Joseph V. SMITH, Warden.

No. 04–4095.

United States Court of Appeals,
Third Circuit.

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and
I.O.P. 10.6 June 30, 2005.

Decided July 27, 2005.

Ranking Smith, Lewisburg, PA, pro se.

Stephen R. Cerutti, II, Harrisburg, PA, for Warden.

Before SLOVITER, FUENTES and NYGAARD, Circuit Judges.

OPINION

PER CURIAM

*Pro se* appellant Ranking Smith, a federal prisoner currently incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania, appeals the order of the United States District Court for the Middle District of Pennsylvania denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. As background, Smith was convicted in the United States District Court for the Eastern Dis-

trict of North Carolina of conspiracy to possess with the intent to distribute and to distribute cocaine and cocaine base, using or carrying a firearm in relation to a drug trafficking crime, murder in furtherance of a continuing criminal enterprise, aiding and abetting the murder, and four counts of distribution of cocaine base. *United States v. Smith*, No. CR–93–130 (E.D.N.C. 1994). On May 23, 1994, he was sentenced to a term of life plus twenty-five years in prison. The Court of Appeals for the Fourth Circuit affirmed his conviction. *United States v. Smith*, 77 F.3d 472 (TABLE), No. 94–5439 (4th Cir. Feb. 9, 1996).

In March 1997, Smith filed with the sentencing court a motion under 28 U.S.C. § 2255 to vacate his sentence. The sentencing court denied relief, and the Fourth Circuit denied a certificate of appealability. *United States v. Smith*, 149 F.3d 1172, No. 97–6985 (4th Cir. May 26, 1998)(TABLE). In 2004, Smith filed with this Court a motion for authorization to file a successive section 2255 motion, which was denied without prejudice to his filing the application in the Fourth Circuit Court of Appeals. *In re Smith*, C.A. No. 04–2108 (3d Cir. May 21, 2004). The Fourth Circuit later denied Smith's motion for authorization to file a successive application for relief. *In re Smith*, No. 04–181 (4th Cir. July 9, 2004).

In September 2004, Smith filed the section 2241 habeas petition at issue. In his petition, he raised a claim based on *United States v. Whiting*, 771 F.Supp. 476 (D.Mass.1991), contending that the indictment for the murder charge was invalid because it failed to allege a direct connection between the intentional killing and the continuing criminal enterprise. He also claimed that he was denied effective assistance of counsel when trial counsel failed to object to the defective indictment and when appellate counsel failed to raise the issue on appeal. Smith further asserted his actual innocence in light of his claims for relief. The District Court dismissed Smith's habeas petition, concluding that Smith had not shown that section 2255 is inadequate or ineffective such that he should be allowed to proceed under section 2241. Smith then filed a motion to alter or amend the judgment, adding a new claim under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), that his sentence was increased based on facts found by the sentencing judge using a preponderance of the evidence standard. The District Court denied the motion.

Smith appeals. After a careful review of the record, we conclude that the appeal presents "no substantial question," 3d Cir. LAR 27.4 and I.O.P. 10.6, and thus we will summarily affirm the District Court's judgment.

■ We agree with the District Court that Smith's claims fall within the purview of section 2255. It is well-established that a federal prisoner's claims challenging the legality of his conviction and sentence must ordinarily be raised in a section 2255 motion. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir.1997). Such claims may not be raised in a section 2241 petition except in an "unusual situation" where the remedy by motion under section 2255 would be "inadequate or ineffective." 28 U.S.C. § 2255; *In re Dorsainvil*, 119 F.3d at 251. Smith is not in the "unusual situation" contemplated by this Court in *In re Dorsainvil*. In *In re Dorsainvil*, the petitioner had no earlier opportunity to challenge his conviction as being inconsistent with the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *In re Dorsainvil*, 119 F.3d at 251. Here, Smith argued that he had no earlier opportunity to raise his *Whiting* claim because he was convicted before the decisions were issued

in *Bailey* and *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (holding that *Bailey* applied retroactively to cases on collateral review). However, *Whiting* was decided several years before Smith was convicted. Smith invoked *Bailey* and *Bousley* to support his claim under *Whiting,* but the fact remains that Smith could have raised his *Whiting* claim (as well as a separate *Bailey* claim) in his section 2255 motion filed in 1997. The situation differs from that in *In re Dorsainvil,* where the petitioner sought to raise a *Bailey* claim and had already unsuccessfully pursued a section 2255 motion before *Bailey* was decided. Moreover, Smith admitted in his section 2241 petition that he cannot meet the gatekeeping provisions of section 2255 regarding second or successive motions, but that circumstance does not render section 2255 "inadequate or ineffective" under *In re Dorsainvil. See In re Dorsainvil,* 119 F.3d at 251.

█ In addition, Smith's invocation of *Blakely* is to no avail. Unlike the situation in *In re Dorsainvil,* the decisions in *Blakely* and *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005),[1] did not decriminalize the conduct for which Smith was convicted. *See Okereke v. United States,* 307 F.3d 117, 120–21 (3d Cir.2002). Despite Smith's protestation that section 2241 is the proper vehicle for his claims in light of his assertions of "actual innocence," he is mistaken that section 2255 is inadequate or ineffective in his case.

We will summarily affirm the District Court's judgment.

---

1. Because Smith is a federal prisoner sentenced under the U.S. Sentencing Guidelines, his claim is better expressed in terms of the decision in *Booker,* which applied *Blakely* to the federal sentencing guidelines. This distinction is of no moment to the outcome of this appeal.