## UNITED STATES *v.* CARLL.

An indictment on sect. 5431 of the Revised Statutes, alleging, in the words of the statute, that the defendant feloniously, and with intent to defraud, did pass, utter, and publish a falsely made, forged, counterfeited, and altered obligation of the United States, but not further alleging that the defendant knew it to be false, forged, counterfeited, and altered, is insufficient, even after verdict.

CERTIFICATE of division in opinion between the judges of the Circuit Court of the United States for the Southern District of New York.

This was an indictment, found in the Circuit Court, on sect. 5431 of the Revised Statutes, by which it is enacted that "every person who, with intent to defraud, passes, utters,

publishes, or sells any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be punished by a fine of not more than five thousand dollars, and by imprisonment at hard labor not more than fifteen years."

Each count of the indictment alleged that the defendant, at a certain time and place, " feloniously, and with intent to defraud the Bank of the Metropolis, which said bank is a corporation organized under the laws of the State of New York, did pass, utter, and publish upon and to the said Bank of the Metropolis a falsely made, forged, counterfeited, and altered obligation and security of the United States" (which was set forth according to its tenor), against the peace, and contrary to the form of the statute.

The defendant, having been tried before Judge Benedict, and convicted by the jury under instructions which required them to be satisfied of the facts alleged, and that the defendant, at the time of uttering the obligations, knew them to be false, forged, counterfeited, and altered, moved in arrest of judgment for the insufficiency of the indictment. At the hearing of this motion before Judge Blatchford and Judge Benedict, they were divided in opinion upon the question, stated in various forms in their certificate, but in substance this : Whether the indictment; setting forth the offence in the language of the statute, without further alleging that the defendant knew the instruments to be false, forged, counterfeited, and altered, was sufficient, after verdict, to warrant judgment thereon.

*The Solicitor-General* for the United States.
*Mr. William C. Roberts* for the defendant.

Mr. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

In an indictment upon a statute, it is not sufficient to set forth the offence in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished ; and the fact that the statute in question, read in the light of the common law, and of other statutes on the like matter, enables the court

to infer the intent of the legislature, does not dispense with the necessity of alleging in the indictment all the facts necessary to bring the case within that intent. *United States* v. *Cruikshank*, 92 U. S. 542; *United States* v. *Simmons*, 96 id. 360; *Commonwealth* v. *Clifford*, 8 Cush. (Mass.) 215; *Commonwealth* v. *Bean*, 11 id. 414; *Commonwealth* v. *Bean*, 14 Gray (Mass.), 52; *Commonwealth* v. *Filburn*, 119 Mass. 297.

The language of the statute on which this indictment is founded includes the case of every person who, with intent to defraud, utters any forged obligation of the United States. But the offence at which it is aimed is similar to the common-law offence of uttering a forged or counterfeit bill. In this case, as in that, knowledge that the instrument is forged and counterfeited is essential to make out the crime; and an uttering, with intent to defraud, of an instrument in fact counterfeit, but supposed by the defendant to be genuine, though within the words of the statute, would not be within its meaning and object.

This indictment, by omitting the allegation contained in the indictment in *United States* v. *Howell* (11 Wall. 432), and in all approved precedents, that the defendant knew the instrument which he uttered to be false, forged, and counterfeit, fails to charge him with any crime. The omission is of matter of substance, and not a " defect or imperfection in matter of form only," within the meaning of sect. 1025 of the Revised Statutes By the settled rules of criminal pleading, and the authorities above cited, therefore, the question of the sufficiency of the indictment must be

*Answered in the negative.*