## UNITED STATES *v.* HOLMES.

*(District Court, E. D. Missouri, E. D.   December 26, 1889.)*

1. POST-OFFICE—DETAINING LETTER—INDICTMENT.
     An indictment against a postmaster, under Rev. St. U. S. § 3890, for detaining mail, is sufficient if it allege in the words of the statute that the letter in question was unlawfully detained, with intent to prevent its arrival.   It need not aver that the letter was knowingly and willfully detained.
2. SAME.
     The indictment alleging that the letter was detained two days, "with intent to prevent the arrival and delivery of the same" to the person addressed, the offense was complete, although at the expiration of that period there may have been a change of purpose.

On Demurrer to Indictment.
*Thos. P. Bashaw,* for defendant.

*Geo. D. Reynolds*, U. S. Dist. Atty.

THAYER, J.    1. The indictment in this case is in the language of the statute, (section 3890, Rev. St. U. S.,) and charges the defendant, who was at the time postmaster at St. Charles, Mo., with unlawfully detaining, for the period of two days, in his post-office, a certain letter addressed to the first assistant postmaster general, Washington, D. C., the posting of which was not prohibited by law, with intent to prevent the arrival and delivery of the same to the person to whom it was addressed. Relying on the decision in *U. S.* v. *Carll*, 105 U. S. 611, the defendant's counsel has demurred to the indictment because it is not averred that the letter was knowingly and willfully detained.    The two cases, however, are not parallel.    In the *Carll Case*, which was an indictment, under section 5431, for uttering forged securities of the United States, with intent to defraud, the court held that no offense was committed, unless the accused knew that the security was forged when he uttered it, although the statute in question did not in terms require such knowledge to be shown, to warrant a conviction.    It also held that it did not necessarily follow that the accused knew that the instrument was forged or counterfeit, although it was uttered, as alleged, with intent to defraud; that the accused might have supposed it to be a genuine security, even though he uttered it in execution of a fraudulent purpose of some sort. Hence it was ruled that an indictment in the very language of the statute was bad, it being essential that it should appear that the accused knew the security to be forged or counterfeit.    The reasoning does not seem applicable to the case now under consideration.    It may be conceded that the defendant in the case at bar did not commit an offense, if the detention of the letter was accidental; but it is not possible to conceive how the detention could have been unintentional or unknown to the defendant, if, as the indictment avers, it was detained by him with intent to prevent the arrival and delivery of the same.    The case is one in which the fact that the wrongful act in question was done knowingly and intentionally is necessarily implied from the intent with which the act is said to have been done.    For that reason the court holds that it was sufficient to allege, in the words of the statute under which the indictment is drawn, that the letter in question was unlawfully detained, with intent to prevent its arrival, etc.

2. It is further insisted that it is manifest from the whole indictment that the accused did not intend to altogether prevent the arrival and delivery of the letter, but merely to delay delivery, and hence that the indictment should have been drawn, under section 3891, for detaining or delaying mail matter.    Without stopping to inquire whether, under section 3890, an intent to perpetually detain must be shown, or whether an intent to detain temporarily will suffice, the answer to the objection is that the detention for two days is alleged, in the very language of the statute, to have been "with intent to prevent the arrival and delivery of the same" to the person addressed.    If detained, even for that period, with intent to altogether prevent delivery, the offense was complete, al-

though at the expiration of that period there may have been a change of purpose. The demurrer, in my opinion, is not well taken, and is therefore overruled.