Carroll,
March 7, 1905.

### STATE *v.* PIPER.

In an indictment against a bank cashier for making a false entry in a book of the institution, a statement as to the meaning of the entry is not an allegation of fact, but a conclusion of the pleader which does not admit of sustention by proof.

An indictment charging a bank officer with making in a book of the corporation a false entry respecting withdrawals by depositors, and alleging that the sum specified was not paid by him from the funds of the institution, is not sufficient to support a conviction when the only conclusion reasonably to be drawn from the entry and the averments of the indictment is that the amount stated was paid by the bank and not by any particular officer thereof; and this inference is not negatived by an allegation that the respondent did not make such payment.

INDICTMENT, under section 32, chapter 165, Public Statutes, alleging, in substance, that the defendant " on the twenty-seventh day of August, in the year of our Lord one thousand nine hundred and three, at Wolfeborough, in the county of Carroll aforesaid, with force and arms, being then and there an officer, that is to say, the assistant cashier of the Wolfeborough Loan and Banking Company, a loan and banking company and corporation by law duly established and having its place of business at Wolfeborough, in said county of Carroll, unlawfully, feloniously, and willfully did, in a certain book owned and used by said Wolfeborough Loan and Banking Company and called Daily Balance, 1903, make a certain false entry in regard to the amount of money paid out of and from

the funds of said Loan and Banking Company, on account of checks drawn by depositors in said Loan and Banking Company, whose deposits were designated and entered upon said book as inactive accounts, which said false entry is as follows, that is to say: ' Thursday—Aug. 27, 1903—Checks, 5200,' meaning and intending it to be understood by and from said false entry that he the said Carroll D. Piper in his said capacity had on said twenty-seventh day of August, 1903, paid out of and from the funds of said Loan and Banking Company checks drawn upon said Loan and Banking Company by depositors whose deposits were designated and entered upon said book as inactive accounts, the sum of fifty-two hundred dollars, whereas, in truth and in fact, the said Carroll D. Piper, in his said capacity, did not pay . . . the said sum of fifty-two hundred dollars, or any part thereof, from the funds of said Loan and Banking Company entered and designated as inactive accounts as aforesaid, as in said entry is falsely alleged and stated, as he the said Carroll D. Piper then and there, at the time of so inserting in and upon said book the said false entry, well knew, and the said false entry so unlawfully, feloniously, and willfully made, in manner and form aforesaid, was then and there made by the said Carroll D. Piper, in his said capacity," with intent to deceive the directors of the company, who are named.   There is a second count substantially like the first, except that the allegation of intent to deceive relates to the bank commissioners of the state.

The defendant demurred to the indictment because it did not show that the entry complained of was false, or that he had knowledge of its falsity.   The demurrer was overruled by *Stone*, J., at the June term, 1904, of the superior court, and the defendant excepted.

*Edwin G. Eastman*, attorney-general, and *Arthur L. Foote*, for the state.

*Streeter & Hollis* and *Edward K. Woodworth*, for the defendant.

BINGHAM, J.   It is the right of the accused to have the offence with which he is charged "fully and plainly, substantially and formally, described to him " in the indictment (Bill of Rights, *art.* 15), and it must appear therefrom to "the court that if the facts alleged are proved as . . . stated, without any additional fact or circumstance, there can be no doubt of the illegality of the conduct charged, nor of its criminality." *State* v. *Parker*, 43 N. H. 83, 85.

When an offence is created by statute, it is as a general rule sufficient in an indictment to follow the words of the statute if

those words are descriptive of the offence (*State* v. *Thornton*, 63 N. H. 114); but it has been said that "it is not sufficient to set forth the offence in the words of the statute unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished; and the fact that the statute, . . . read in the light of the common law and of other statutes on the like matter, enables 'the court to infer the intent of the legislature, does not dispense with the necessity of alleging in the indictment all the facts necessary to bring the case within that intent." *United States* v. *Carll*, 105 U. S. 611; *State* v. *Goulding*, 44 N. H. 284.

"The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defence and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." *United States* v. *Cruikshank*, 92 U. S. 542, 558.

The material parts of the statute under which this indictment is brought are found in section 32, chapter 165, Public Statutes, and are as follows: "If any officer of . . . a loan and banking company . . . shall make any false entry in any book . . . of the institution with intent . . . to deceive any officer of the institution, . . . or the bank commissioners, he shall be fined not exceeding twenty thousand dollars, or be imprisoned not exceeding ten years." An indictment under this statute, considered in the light of the above principles, should contain at least the following averments: (1) That the respondent was an officer (describing his office) of a loan and banking company organized under the laws of New Hampshire and engaged in carrying on a loan and banking business (describing the company and its place of business in the state); (2) that, being such officer, he made in a book (describing it), owned and used by the institution in transacting its loan and banking business, an entry (describing it); (3) that the entry was false (setting out the facts relied upon to establish its falsity), and was made with intent to deceive the officers of the institution (describing them), or the bank commissioners (naming them); (4) averments of time and place.

The respondent contends that both counts of the indictment fail to answer these requirements; that if the facts alleged in them are proved as stated, there would be a doubt as to the falsity and criminality of the entry, in the absence of an averment and proof of

additional facts; that according to the allegations of the indictment, the entry "Thursday—Aug. 27, 1903—Checks, 5200" is in regard to money paid out from the funds of the institution on account of checks drawn by depositors in certain transactions with the bank, and this being so, the meaning of the entry is that the bank had paid out $5,200 on checks drawn upon a specific account on the day named—not that the respondent, as assistant cashier, had himself paid it out; that the averment that the respondent did not himself, as such cashier, pay out the sum, or any part thereof, does not negative the truth of the entry and show that it is false; and that the respondent's knowledge of the falsity of the entry and the criminality of the act are made to depend upon the alleged fact that he had not paid out the sum himself.

In testing the validity of the indictment, it is to be borne in mind that allegations of fact and conclusions of the pleader are not to be confounded, for the latter cannot make an indictment good if without them it would be bad. The inuendo wherein it is stated that the meaning of the entry is that the respondent, as assistant cashier, "had on said twenty-seventh day of August, 1903, paid out of and from the funds of said Loan and Banking Company . . . the sum of fifty-two hundred dollars," is not an allegation of fact, but a conclusion of the pleader, and does not admit of being sustained by proof. All facts necessary to support this conclusion should have been specifically averred. *Harris* v. *Burley*, 8 N. H. 256, 257, 258; *Commonwealth* v. *Snelling*, 15 Pick. 321, 335; 2 Bish. New Cr. Proc., s. 793; 13 Enc. Pl. & Pr. 98, 99, 102, 103.

The conclusion of the pleader not being an allegation of fact, the question is presented whether the facts alleged in the indictment are sufficient in law to warrant the conclusion drawn and to support a conviction if proved. It seems to us that they are not; that the only reasonable conclusion to be drawn from the entry, taken in connection with the allegations of the indictment, is that the money represented by the entry was paid out by the bank,—not by any particular officer of the bank,—and that the allegation that the respondent, as assistant cashier, had not paid out the money, does not negative the truth of the entry; that to negative its truth, the allegation should have been that the bank had not paid out the money. *United States* v. *Britton*, 107 U. S. 655. To warrant the conclusion set out in the inuendo, the pleader should have alleged such additional facts as would make it reasonably certain that it was the particular duty of the respondent to pay out the money of the bank upon the checks, and having done so, to record the same in the books of the bank. Had such allegations been made, the conclusion would have been warranted, and

the clause charging falsity would have negatived the truth of the entry; but as the indictment stands, we think the order should be,

*Exception sustained.*

All concurred.