## UNITED STATES v. WHITE et al.

(Circuit Court, S. D. New York. June 12, 1909.)

1. INDICTMENT AND INFORMATION (§ 110*)—ALLEGATION IN WORDS OF STATUTE.
   It is no objection to an indictment for conspiracy that the agreement constituting the conspiracy is laid in the words of the statute.
   [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 289–294; Dec. Dig. § 110;* Conspiracy, Cent. Dig. §§ 95, 97.]

2. INDICTMENT AND INFORMATION (§ 108*)—ALLEGATIONS OF FACT—PRESUPPO-SITION OF EXISTENCE OF LAW.
   An indictment that describes smuggled property in terms which presuppose the existence of some law is not bad on that account, as where it describes the goods "as subject to duty and which should have been invoiced."
   [Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 108.*]

3. CUSTOMS DUTIES (§ 134*)—SMUGGLING—INDICTMENT—SUFFICIENCY OF AL-LEGATION.
   An allegation that defendants knowingly smuggled goods meets the requirement that it must be alleged that they knew that the goods were dutiable.
   [Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 337; Dec. Dig. § 134.*]

4. CONSPIRACY (§ 43*)—DEFRAUDING GOVERNMENT—CUSTOMS DUTIES—INDICT-MENT—SUFFICIENCY OF ALLEGATION.
   An allegation of conspiracy to defraud the government of customs duties is sufficiently made in an indictment that alleges conspiracy with respect to merchandise to be imported into the United States without invoicing or entering the same and without paying the duties then and there accruing thereon.
   [Ed. Note.—For other cases, see Conspiracy, Dec. Dig. § 43.*]

5. WORDS AND PHRASES—"IMPORTED."
   The word "imported" means at least prima facie dutiable.
   [Ed. Note.—For other definitions, see Words and Phrases, vol. 4, pp. 3438, 3439.]

6. INDICTMENT AND INFORMATION (§ 111*)—NEGATIVING AN EXCEPTION IN STAT-UTE—STATUTE COLLATERALLY INVOLVED.
   The rule in respect to negativing an exception when the statute is that under which the right is claimed does not extend to every statute collaterally involved in the description of every incidental allegation of the pleading, as, in an indictment for conspiracy to defraud the revenue on imports, the allegations need not cover the possibility that the dutiability of the merchandise might be avoided by change of its destination. It is more than enough advantage that the defendant may at trial prove such an exception without pleading it.
   [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 295–298; Dec. Dig. § 111.*]

On Demurrer to Indictments for Conspiracy to Defraud the Customs Revenue.

---

This is a demurrer by the defendants to an indictment charging them in six counts with conspiracy, under section 5440 of the United States Revised Statutes (U. S. Comp. St. 1901, p. 3676). The first, third, and fifth counts charge conspiracies to violate section 2865 of the Revised Statutes (U. S. Comp. St. 1901, p. 1947), and the second, fourth, and sixth counts to defraud the United States. The indictment in each count consists of the allegation of a conspiracy, and then of several paragraphs alleging different overt acts done in partial fulfillment of the conspiracy. The allegations of the conspiracy in the first and second counts are typical of those objected to throughout. The allegation of the conspiracy in the first count is that the defendants, on the 30th day of January, 1907, at the Southern district of New York and within the jurisdiction of this court, did unlawfully and willfully conspire to commit an offense against the United States in and by knowingly and willfully smuggling and clandestinely introducing into the United States at the port and collection district of New York, from a foreign country, with intent to defraud the revenue of the United States, certain goods, wares, and merchandise, to wit, women's wearing apparel and materials for women's wearing apparel, a more exact description of which is to the grand jurors unknown, subject to duty by law, and which should have been invoiced, without invoicing the same, and without paying or intending to pay or account for the duty thereon. The allegation of conspiracy in the second count is that the defendants did, on the 31st day of January, 1907, at the Southern district of New York and within the jurisdiction of this court, unlawfully and willfully conspire to defraud the United States of its customs duties on certain merchandise, to wit, divers articles of women's wearing apparel and materials for women's wearing apparel, a more exact description of which is to the grand jurors unknown, subject to duty by law, to be imported into the United States from a foreign country, that is to say, France, without invoicing or entering the same, and without paying the duties then and there accruing upon said merchandise so imported, or accounting for the same.

Goldthwaite H. Dorr, Asst. U. S. Atty.

Battle & Marshall (George Gordon Battle, of counsel), for defendant White.

Walter Evans Hampton and Allan C. Rowe, for defendant William H. Kilgannon.

Van Schaick & Brice (Wilson B. Brice, of counsel), for defendant Elizabeth Kilgannon.

HAND, District Judge. The first, third, and fifth counts of the indictment are clearly good. The only portion of them open to attack is the allegation of the conspiracy. To allege that the defendants conspired is, at least, to allege that they agreed to do the matters which are set forth as the substance of their conspiracy. I do not mean to say that the mere fact that a conspiracy is alleged is sufficient to show that the conspiracy was unlawful, but that, taken at its lowest terms, to allege a conspiracy is to allege an agreement. The substance of the agreement is in the words of the statute, and none of the words stating a conspiracy contain any propositions of law, except the following, that the goods were "subject to duty by law and which should have been invoiced." Now the agreement is a fact, even if the substance of it was in the very words of the statute. No doubt the parties may contract in the words of the statute, if they so chance to do. Therefore there is no merit upon demurrer in urging that the contract of conspiracy was in legal terms. Two parties may say: "Let us convey an easement in all our corporeal hereditaments." The agreement is a fact, though the terms bristle with legal terminology.

But the objection is not good, even aside from that consideration. It is true that the description of the smuggled property is in terms which presuppose the existence of some law; but in that respect it is no worse than two or three indictments which the Supreme Court has upheld. Dunbar v. U. S., 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390; Keck v. U. S., 172 U. S. 434, 19 Sup. Ct. 254, 43 L. Ed. 505; Williamson v. U. S., 207 U. S. 447, 28 Sup. Ct. 163, 52 L. Ed. 278. The objections, therefore, to the first, third, and fifth counts are not well taken. It is true that allegations in an indictment must be allegations of fact; but this requirement must not be pressed with a schoolman's logic. In all pleadings, from time immemorial, there have been allegations of so-called fact which presuppose for their truth the existence of certain rules of law. Allegations regarding "real property," "seisin," "possession," "ownership," and others, have been common from the earliest times, and no one has ever thought that it was necessary to allege all the facts from which the "mixed" conclusion arose. To do so would be to enormously incumber the pleadings, and the law, even in its pedantic days, has not been theoretically consistent to that degree. The decision of Dunbar v. U. S., supra, clearly shows that an indictment may describe property "as subject to duty and which should have been invoiced," without being open to objection on the score raised. The authorities cited by the demurrants do not touch the questions raised here, except most generally.

The allegation that the parties knew that the goods were dutiable undoubtedly must be alleged (U. S. v. Carll, 105 U. S. 611, 26 L. Ed. 1135); but the allegation that they knowingly smuggled the goods meets that requirement (U. S. v. Dunbar, supra, at page 192 of 156 U. S., page 325 of 15 Sup. Ct. [39 L. Ed. 390]). Therefore the first, third, and fifth counts are good.

The second, fourth, and sixth counts allege the conspiracy to have been to defraud the United States of merchandise to be imported into the United States without invoicing or entering the same, and without paying the duties then and there accruing upon said merchandise so imported. The demurrants object, because the mere importation of merchandise does not include its entry into and passage through the custom house, and therefore a conspiracy to import goods without entering and invoicing the same, and without paying duties, is not a conspiracy to defraud the government. They argue that the "importation" is complete under the authorities when the goods come within a collection district of the United States, and yet that they may, before being entered and invoiced, pass outside the country, without paying duties. The word "imported" at least means prima facie dutiable. Keck v. U. S., 172 U. S. 463, 19 Sup. Ct. 254, 43 L. Ed. 505, and cases there cited. In this indictment this meaning is reinforced by the words "without paying the duties then and there accruing." If the duties have once accrued, then entry and invoice follow as of course, unless the destination of the goods is changed. That is a possible negative which the criminal pleader need not make any more than the civil. It is more than enough advantage that the de-

fendant may at trial prove such an exception without pleading it. The rules regarding negativing an exception are true enough when the statute is that under which the right is claimed. It does not at the present time extend to every statute which collaterally is involved in the description of every incidental allegation of the pleading. I think there can be no question that the indictment is alleged with sufficient particularity.

The demurrers are overruled, with leave to plead over on June 14th in open court, at which time defendants are to be prepared for trial on these indictments.