**David ROSSER, a/k/a David R. Conway, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6616.**

District of Columbia Court of Appeals.

Argued May 8, 1973.

Decided July 16, 1973.

Stan E. McCormick, appointed by this court, for appellant.

David G. Larimer, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S.

Atty., John A. Terry and James F. Flanagan, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, GALLAGHER and YEAGLEY, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted of four counts of uttering forged checks[1] under an indictment charging as to each check that:

> On or about [the pertinent date] within the District of Columbia, David R. Conway, also known as David Rosser, with intent to defraud, passed and uttered to [a named person], as true and genuine, a falsely made and forged bank check. Following is a copy of said bank check:

■■ The principal argument on appeal is that the indictment is defective for failure to allege that appellant had knowledge that the checks in question were forged,[2] one of the essential elements of the crime of uttering a forged check. We agree and reverse.

In a similar case, United States v. Carll, 105 U.S. 611, 613, 26 L.Ed. 1135 (1882), the indictment charged the defendant Carll with uttering a forged instrument but failed to charge knowledge of its falsity. The Supreme Court held:

> This indictment, by omitting the allegation, contained in . . . all approved precedents, that the defendant knew the instrument which he uttered to be false, forged and counterfeit, fails to charge him with any crime. The omission is of matter of substance, and not a "defect or imperfection in matter

1. D.C.Code 1967, § 22–1401:

Whoever, with intent to defraud or injure another, falsely makes or alters any writing of a public or private nature, which might operate to the prejudice of another, or passes, utters, or publishes, or attempts to pass, utter, or publish as true and genuine, any paper so falsely made or altered, knowing the same to be false or forged, with the intent to defraud or prejudice the right of another, shall be imprisoned for not less than one year nor more than ten years.

2. The issue of insufficiency of the indictment may be raised at any time. United States v. Thomas, 144 U.S.App.D.C. 44, 444 F.2d 919 (1971); Williams v. District of Columbia, 136 U.S.App.D.C. 56, 419 F.2d 638 (1969).

of form only," . . . . By the settled rules of criminal pleading, and the authorities above cited, therefore, the question of the sufficiency of the indictment must be, [a]*nswered in the negative.*

We have carefully reviewed the authorities cited by the government and have concluded that the *Carll* case remains the law to this day and is dispositive of this appeal.[3] Accordingly, the case is remanded to the trial court with instructions to vacate the judgments of conviction and to dismiss the indictment.

So ordered.

3. Because of this disposition the remaining allegations of error need not be reached.