United States Court of Appeals,

Eleventh Circuit.

No. 94-3139.

UNITED STATES of America, Plaintiff-Appellee, Cross-Appellant,

v.

William O. STEELE, Defendant-Appellant, Cross-Appellee.

Feb. 11, 1997.

Appeals from the United States District Court for the Northern District of Florida. No. 94-03055RV), Roger Vinson, Judge.

Before TJOFLAT and BIRCH, Circuit Judges, and SMITH[*], Senior Circuit Judge.

BIRCH, Circuit Judge:

This appeal presents the issue of whether an indictment charging a pharmacist with dispensing controlled substances in violation of 21 U.S.C. § 841(a)(1) must allege conduct outside the scope of professional practice. The indictment in this case did not allege that the pharmacist's conduct was outside the scope of professional conduct, but the pharmacist was convicted. We REVERSE.

I. BACKGROUND

Defendant-appellant, William O. Steele, was a registered pharmacist at North Hill Pharmacy in Pensacola Florida. Allegedly with full knowledge that the prescriptions for controlled substances were forged, Steele filled numerous prescriptions for Larry and Gloria Ellis over the course of several months. The Ellises, who were convicted for passing forged prescriptions at

---

[*]Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

North Hill Pharmacy, testified against Steele and are serving their sentences.

A four-count indictment charged Steele with dispensing the controlled substances commonly known as Dilaudid, Xanax, Valium, and Percodan in violation of section 841(a)(1). Section 841(a)(1) provides that "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dispense ... a controlled substance." Each count of the indictment tracks the statutory language and is identical to the other counts except for the identification of different controlled substances in each count. Count One, for example, provides as follows:

> That from on or about July 1, 1993, and continuously thereafter, up to and including on or about November 2, 1993, in the Northern District of Florida, the defendant, William O. Steele, did knowingly and intentionally dispense hydromorphone hydrochloride, a schedule II controlled substance, commonly known as Dilaudid, in violation of Title 21, United States Code, Section 841(a)(1).

Steele filed a motion for a bill of particulars or, alternatively, for dismissal of the indictment for lack of specificity. The district court denied the motion.

The first trial ended in a mistrial when the jury could not reach a verdict. At the conclusion of the government's case in the second trial, Steele filed a motion for a judgment of acquittal and alleged in part that the indictment failed to charge that Steele had dispensed the controlled substances contrary to the ordinary course of his professional practice as a registered pharmacist. The court denied the motion, and the defense rested without presenting evidence. Steele was convicted on all four counts.

Steele raises three issues on appeal: 1) insufficiency of the indictment, 2) gender bias in the government's peremptory strikes during jury selection, and 3) insufficiency of the evidence. The government cross-appeals the court's downward departure from the Sentencing Guidelines. Because we find that the indictment was insufficient and reverse the conviction, we do not reach the other issues raised by Steele or the government's cross-appeal related to sentencing.

## II. DISCUSSION

Whether an indictment sufficiently alleges a crime is a question of law. *Rodriguez v. Ritchey,* 556 F.2d 1185, 1191 n. 22 (5th Cir.1977), *cert. denied,* 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 799 (1978). We review questions of law *de novo. United States v. Shenberg,* 89 F.3d 1461, 1478 (11th Cir.1996). Steele argues that, because he is a registered pharmacist who can lawfully dispense controlled substances under 21 U.S.C. § 822(b), the indictment must allege that he dispensed the controlled substances outside the scope of his professional practice.[1] The government contends that the indictment includes each element of the offense because it tracks the language of section 841(a)(1) and because the exception for practitioners is an affirmative defense which must be raised by the defendant.

Practitioners, such as physicians and pharmacists,[2] who

_____

[1]Although Steele makes several arguments to support his allegation that the indictment is insufficient, we need address only whether the indictment fails to allege each element of the offense.

[2]Physicians and pharmacists are both defined as "practitioners" in 21 U.S.C. § 802(20).

legally can dispense controlled substances can be convicted under section 841(a)(1) when their actions fall outside the scope of legitimate professional practice. The Supreme Court affirmed a conviction of a physician under section 841(a)(1) because he exceeded the bounds of legitimate medical practice. *United States v. Moore,* 423 U.S. 122, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975). We subsequently have held that pharmacists are similarly subject to conviction under the statute when their activities fall outside the usual course of professional practice. *United States v. Hayes,* 595 F.2d 258 (5th Cir.), *cert. denied,* 444 U.S. 866, 100 S.Ct. 138, 62 L.Ed.2d 89 (1979). The issue here is whether behavior outside the scope of professional practice must be alleged in the indictment when a pharmacist is charged under section 841(a)(1) for dispensing controlled substances. It is an established rule that each essential element of an offense must be alleged in an indictment. *E.g., United States v. Debrow,* 346 U.S. 374, 376, 74 S.Ct. 113, 114, 98 L.Ed. 92 (1953). Thus, an indictment using only statutory language is sufficient only if the statute itself sets forth all essential elements of the offense. *United States v. Carll,* 105 U.S. 611, 612, 26 L.Ed. 1135 (1881). "If the statute omits an essential element of the offense, or includes it only by implication, then pleading the statutory language will not suffice, and the omitted element must be alleged directly and with certainty." 1 Charles A. Wright, *Federal Practice and Procedure* § 125, at 369-70 (2d ed.1982) (collecting cases). In contrast, an affirmative defense need not be negated in an indictment, *United States v. Sisson,* 399 U.S. 267, 288, 90 S.Ct. 2117, 2128, 26

L.Ed.2d 608 (1970). Thus, in this case, the necessity of including an allegation of behavior outside the scope of professional practice in the indictment turns on whether it is an essential element of the offense or an affirmative defense that should properly be proved by Steele.

In *United States v. Outler,* 659 F.2d 1306, 1309 (5th Cir. Unit B 1981), *cert. denied,* 455 U.S. 950, 102 S.Ct. 1453, 71 L.Ed.2d 665 (1982), we held that behavior outside the scope of professional practice is an essential element of the offense when a physician is charged under section 841(a)(1). We rejected the government's argument in *Outler* that acting within the scope of legitimate medical practice is an affirmative defense that a physician must raise because we believed that Congress did not intend a presumption that physicians who dispense controlled substances do so without legitimate reasons. *Id.* at 1309-1310 & n. 3. We similarly believe that Congress intended no such result for registered pharmacists who dispense controlled substances and, thus, reject the argument that behavior within the scope of professional practice is an affirmative defense for pharmacists charged under section 841(a)(1).

The government sought to distinguish *Outler* from the present case on the basis of language in the *Outler* indictment that is lacking in Steele's indictment. The government argued that, because the indictment in *Outler* included the phrase "by means of a prescription," the indictment on its face was misleading to the grand jury without an allegation that the drugs were prescribed without a legitimate medical purpose. The government further

argued that use of the word "prescription" in the *Outler* indictment implied a practitioner whereas Steele's indictment made no reference to his status as a pharmacist and was, consequently, sufficient on its face.

We are unpersuaded by the government's argument for several reasons. First, the word "dispense," like the word "prescribe," implies a practitioner. Section 802(10) defines "dispense" as "deliver a controlled substance to an ultimate user ... by, or pursuant to the lawful order of, *a practitioner,* including the prescribing and administering of a controlled substance and the packaging, labeling, or compounding necessary to prepare the substance for delivery." 21 U.S.C. § 802(10) (emphasis added). Thus, "dispense" by statutory definition is delivery performed by a practitioner.

Second, the analysis in *Outler* did not turn on the use of the language "by means of a prescription." In fact, we used the terms "prescribe" and "dispense" interchangeably in *Outler,* 659 F.2d at 1308 ("Counts One through Fifteen involved charges of prescribing or, in the language of the [Controlled Substances Act], "dispensing' controlled drugs.").

Finally, we reject the government's argument because an indictment which on its face does not identify the defendant as a practitioner does not change the essential elements of the offense when a practitioner is prosecuted under section 841(a)(1) for illegally dispensing controlled substances. In *Outler* we held that the element of behavior beyond professional practice must be alleged in an indictment "*whenever* a physician is charged with

[dispensing] drugs in violation of 21 U.S.C. § 841(a)."  Id. at 1310 (emphasis added).  The reasoning in *Outler* logically extends to practitioners like pharmacists who "dispense" controlled substances.

As in *Outler,* we have little doubt that an indictment alleging behavior outside the scope of professional practice would have allowed a grand jury to find probable cause for the offense in this case.  The rule that each essential element must be alleged in an indictment, however, serves to ensure certain basic protections provided by the Fifth and Sixth Amendments of the Constitution. [3] We cannot speculate as to the grand jury's decision in view of the government's failure to allege each essential element of the offense without potentially "depri[ving] the defendant of a basic protection which the guarantee of the intervention of a grand jury was designed to secure."  *Outler,* 659 F.2d at 1311 (quoting *Russell v. United States,* 369 U.S. 749, 770, 82 S.Ct. 1038, 1050, 8 L.Ed.2d 240 (1962)).  Thus, the indictment is insufficient to support the conviction.

### III. CONCLUSION

In this appeal, Steele argues that the indictment was insufficient to support his conviction under section 841(a)(1). Each essential element of an offense must be alleged in an

---

[3]The Sixth Amendment provides that the criminal defendant "be informed of the nature and cause of the accusation."  U.S. Const. amend.  VI. The Fifth Amendment guarantees that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend.  V. Requiring that each essential element be alleged in the indictment serves to inform the defendant of the alleged offense and to ensure that the grand jury properly determines probable cause.

indictment, and behavior outside the scope of professional practice is an essential element of the offense whenever a practitioner is charged with dispensing drugs in violation of section 841(a)(1). Thus, as we have analyzed herein, an indictment failing to allege this essential element when a practitioner is charged with illegally dispensing controlled substances cannot support a conviction. Accordingly, we REVERSE.