UNITED STATES of America

v.

**Rex Vernal Geovaney DUNBAR,
Defendant.**

No. CRIM.A.02–40004–NMG.

United States District Court,
D. Massachusetts.

March 31, 2005.

Bruce C. Judge, United States Attorney's Office, Peter K. Levitt, United States Attorney's Office, Glenn A. MacKinlay, United States Attorney's Office, Dickens Mathieu, United States Attorney's Office, Boston, MA, for Plaintiff.

Michael C. Andrews, Law Offices of Michael C. Andrews, Syrie D. Fried, Federal Defender's Office, E. Peter Parker, Boston, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

Defendant Rex Vermal Geovaney Dunbar ("Dunbar") is charged in a six-count indictment with offenses relating to the importation and distribution of drugs and is currently awaiting trial. Dunbar moves to dismiss Count I as duplicitous and Count II as multiplicitous.

Count I charges that, from January, 1999, to March, 2002, in Massachusetts, California, New Hampshire, New Jersey, New York, Oklahoma, Jamaica and elsewhere, Dunbar conspired to distribute and possess with intent to distribute 1) marijuana, 2) cocaine and 3) cocaine base, in violation of 21 U.S.C. § 846 by virtue of 21 U.S.C. § 841(a)(1). Count II charges that, in March and May of 2001, in Massachusetts, Jamaica and elsewhere, Dunbar conspired with others to import cocaine and cocaine base into the United States from Jamaica, in violation of 21 U.S.C. § 963 by virtue of 21 U.S.C. §§ 952(a) and 960.

In order for a criminal indictment to be sufficient, the indictment need only be "a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R.Crim.P. 7(c)(1). The Supreme Court has repeatedly held that

an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

*Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'

*Id., quoting United States v. Carll,* 105 U.S. 611, 612, 26 L.Ed. 1135 (1881). The allegations of an indictment are presumed to be true for the purposes of assessing whether an indictment is sufficient to withstand a motion to dismiss, and inquiry into whether the government can prove its case at trial is inappropriate at this stage. *Boyce Motor Lines, Inc. v. United States,* 342 U.S. 337, 343 n. 16, 72 S.Ct. 329, 96 L.Ed. 367 (1952).

Dunbar asserts that a review of the discovery shows that Count I charges not a single overarching conspiracy but at least two distinct and separate conspiracies and that, therefore, Count I is duplicitous. "Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Martinez Canas,* 595 F.2d 73, 78 (1st Cir.1979).

 Here, Count I charges only one offense, a large, complex drug conspiracy that allegedly involved acts in at least six states and one foreign country. Although the count charges the attempted distribution of three different drugs, it is not duplicitous. "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime, and that is one, however diverse its objects." *Braverman v. United States,* 317 U.S. 49, 54, 63 S.Ct. 99, 87 L.Ed. 23 (1942) (citation and internal quotation marks omitted). As in other cases involving claims of duplicity, "[t]he question whether the actions to which this count referred could have been charged as separate crimes is irrelevant." *United States v. Valerio,* 48 F.3d 58, 63 (1st Cir. 1995). For purposes of a motion to dismiss, the court does not, as defendant urges, inquire into what the evidence at trial is expected to prove.

Dunbar also contends that Counts I and II are multiplicitous. Multiplicity refers to charging what should be charged as a single offense in multiple counts.

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*United States v. Serino,* 835 F.2d 924, 930 (1st Cir.1987) (*quoting Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)) (alteration in original). Even if Counts I and II were based entirely on the same conduct, they would not be duplicitous because Counts I and II allege two separate crimes (conspiracy to distribute drugs and conspiracy to import drugs) and each requires proof of a fact that the other does not. *See Albernaz v. United States,* 450 U.S. 333, 101 S.Ct.

1137, 67 L.Ed.2d 275 (1981) (holding that 18 U.S.C. §§ 846 and 963 are not duplicitous under *Blockburger* because each requires proof of a fact that the other does not).

Dunbar asks the Court to preclude the introduction of any evidence regarding certain incidents in Oklahoma in the event it declines to dismiss Count I. His concerns regarding such evidence may be an appropriate subject for a motion in limine, but the Court declines to rule on the admissibility of such evidence in the context of a motion to dismiss.

### ORDER

In accordance with the foregoing memorandum, defendant's motion to dismiss (Docket No. 91) is DENIED.

**So ordered.**