**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4015**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHESTER EUGENE DOWNING,

        Defendant - Appellant.

_____

**No. 09-5023**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHESTER EUGENE DOWNING,

        Defendant - Appellant.

_____

**No. 10-4113**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHESTER EUGENE DOWNING,

              Defendant - Appellant.

---

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington and Elizabeth City. James C. Fox, Senior District Judge. (2:08-cr-00016-F-2)

---

Submitted: April 20, 2011          Decided: May 24, 2011

---

Before WILKINSON, KING, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury charged that Chester Eugene Downing, "having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, firearms," in violation of 18 U.S.C. § 922(g)(1) (2006). A jury subsequently convicted Downing of this offense. On appeal, Downing challenges the district court's denial of his motions to dismiss the indictment, contending that the failure to identify the types or numbers of firearms involved inhibited his defense by failing to accord him with sufficient notice of the charge.[*] He also contends that the indictment omitted an element of the offense because, although it alleged Downing possessed firearms "in and affecting commerce," it did not allege that the firearms had

---

[*] Although Downing claims in passing that the indictment is insufficient to protect against double jeopardy, both the headings and the substance of his brief address only whether the indictment fairly informed him of the charges against him. Because he failed to develop this argument, we conclude that he has waived appellate review of the double jeopardy issue. See Fed. R. App. P. 28(a)(9)(A); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 n.7 (4th Cir. 2006) (finding conclusory single sentence in brief "insufficient to raise on appeal merits-based challenge to the district court's ruling"); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) ("Failure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal.").

been shipped in interstate commerce. Finding no error, we affirm.

"[A]n indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense." United States v. Kingrea, 573 F.3d 186, 191 (4th Cir. 2009) (internal quotation marks omitted). The notice requirement "derives from the defendant's Sixth Amendment right to be informed of the nature and cause of the accusation." United States v. Hooker, 841 F.2d 1225, 1230 (4th Cir. 1988). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" United States v. Hamling, 418 U.S. 87, 117 (1974) (quoting United States v. Carll, 105 U.S. 611, 612 (1882)). With these standards in mind, we have conducted a de novo review of the record on appeal and conclude that the indictment was sufficient. See United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009) (stating standard of review).

Downing also argues that the indictment failed to allege shipment in interstate commerce, contending that this is an essential element of the offense. The indictment tracked the

4

statutory language and charged possession "in and affecting commerce." See 18 U.S.C. § 922(g)(1). We find this charging language sufficient and therefore conclude that Downing's argument lacks merit.

Accordingly, we affirm the district court's judgment. We deny as moot Downing's motions for bail and deny his motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED