NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 23 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30016 |
| Plaintiff - Appellee, | D.C. No. 9:13-cr-00030-DWM-13 |
| v. | |
| STEVEN GROVO, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30027 |
| Plaintiff - Appellee, | D.C. No. 9:13-cr-00030-DWM-12 |
| v. | |
| JOSHUA PETERSEN, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted March 9, 2016
Portland, Oregon

*This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: FISHER and WATFORD, Circuit Judges, and WALTER, District Judge.[**]

For the reasons stated in our concurrently filed opinion, we hold sufficient evidence supports Grovo's and Petersen's convictions and remand for the district court to recalculate restitution. As relevant here, we find no error in the district court's rulings on the sufficiency of Counts I and II of the indictment, venue, double jeopardy and the length of Grovo's sentence. We therefore affirm each defendant's convictions and Grovo's 360-month sentence.

The district court did not err in upholding the sufficiency of the indictment. "An indictment must be read in its entirety and construed in accord with common sense and practicality." *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir. 1995). It is "generally sufficient" for an indictment to "set forth the offense in the words of the statute itself." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Both Count I, alleging participation in a child exploitation enterprise (CEE) under 18 U.S.C. § 2252A(g), and Count II, alleging conspiracy to advertise child pornography under 18 U.S.C. § 2251(d) and (e), meet this standard.

Count I tracked the statutory language of 18 U.S.C. § 2252A(g) and – unlike the indictment in *United States v. Cecil*, 608 F.2d 1294, 1297 (9th Cir. 1979) – did

---

[**]The Honorable Donald E. Walter, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

not altogether omit any elements.  We reject Petersen's contention the indictment contained "uncertainty or ambiguity." *Hamling*, 418 U.S. at 117 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1881)).  The first half of the indictment implied children were victims, stated the predicate felonies and listed other members of the CEE.  When construed "in accord with common sense and practicality," *Alber*, 56 F.3d at 1111, Count I thus put Petersen on notice of the CEE charge.

At oral argument, Grovo conceded the sufficiency of Count II of the indictment.  There is no overt act requirement for conspiracy to advertise child pornography under § 2251(d) and (e).  "Unlike the general conspiracy statute, which expressly requires proof of an overt act," § 2251(e) "makes no mention of such a requirement." *United States v. Skillman*, 922 F.2d 1370, 1375 (9th Cir. 1990) (discussing similar wording in 18 U.S.C. § 371).

The district court also did not err in determining venue was proper in Montana.  The Constitution permits prosecution of a conspiracy defendant wherever "an overt act committed in the course of [the] conspiracy" occurred. *United States v. Barnard*, 490 F.2d 907, 910 (9th Cir. 1973); *see also* U.S. Const. art. III, § 2, cl. 3.  We disagree that venue was proper only if Petersen had substantial contacts with the forum.  In conspiracy cases, "every overt act [i]s the

3

act of all the conspirators, made so by the terms and force of their unlawful plot."

*Brown v. Elliott*, 225 U.S. 392, 400-01 (1912).

Here, the creator of Kingdom of Future Dreams – who plainly engaged in overt acts in furtherance of the conspiracy – resided in Montana, where the FBI found a number of computers and electronic media related to the conspiracy. Because that "circumstantial evidence . . . supports the inference that the crime was committed" in Montana, the government did not need "direct proof" of an overt act committed within the forum. *United States v. Delgado*, 545 F.3d 1195, 1206-07 (9th Cir. 2008) (quoting *United States v. Pace*, 314 F.3d 344, 349 (9th Cir. 2002)).

The district court properly concluded each defendant's two convictions did not violate the Double Jeopardy Clause. Grovo and Petersen violated two distinct statutes, each of which "requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Unlike the conspiracy conviction, the CEE conviction required proof of a "series of felony violations" that "involv[e] more than one victim." 18 U.S.C. § 2252A(g). And unlike the CEE conviction, the conspiracy conviction required proof of an agreement to advertise child pornography – not simply to distribute, receive or access it. In contrast to the double jeopardy violations found in *Rutledge v. United States*, 517 U.S. 292, 294-95, 300 (1996), and *United States v. Wayerski*, 624 F.3d 1342, 1350-

4

51 (11th Cir. 2010), proof of the enterprise offense would not establish proof of the conspiracy offense. We therefore reject the defendants' arguments that conspiracy to advertise child pornography is a lesser included offense. *See Whalen v. United States*, 445 U.S. 684, 693-94 (1980) (holding rape is a lesser included offense of felony murder based on rape because proving the felony murder charge required proving the predicate offense of rape).

Moreover, even assuming the government used the same facts to establish a *single* conspiracy for advertising child pornography, on the one hand, and distributing, receiving and accessing it, on the other, the defendants' dual convictions would not constitute double jeopardy. Where a single conspiracy has multiple objectives, each criminalized by a distinct statutory provision, imposing multiple punishments does not violate the Double Jeopardy Clause. *See Albernaz v. United States*, 450 U.S. 333, 339 (1981) (holding a single conspiracy to both import and distribute marijuana "clearly" constituted two separate offenses when one statute prohibited distribution and a separate statute prohibited importation); *Am. Tobacco Co. v. United States*, 328 U.S. 781, 788 (1946) (holding a single conspiracy to fix prices constituted "separate statutory offenses, one a conspiracy in restraint of trade that may stop short of monopoly, and the other a conspiracy to monopolize that may not be content with restraint short of monopoly").

The district court did not abuse its discretion in sentencing Grovo to 360 months in prison. After properly calculating the Guidelines range for Grovo's sentence, the district court engaged in "meaningful consideration of the [sentencing] factors." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc). The district court also carefully explained why "none of the[] co-conspirators was similarly situated" to Grovo. *United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009). First, Grovo's "sordid criminal history" and "obvious disrespect . . . for the law" made him "markedly different" in terms of the nature and circumstances of his offense and his history and characteristics. Second, because Grovo "basically is openly a sexual pervert," the district court concluded the 240-month punishment other co-conspirators received would not "adequately deter" him from "engag[ing] in sexual activity with minor girls." None of these conclusions was a clear error of judgment. Grovo's sentence was substantively reasonable.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

Petersen's motion to file supplemental excerpts of record, filed March 4, 2016, is **DENIED** as moot.